No. 44,479 and No. 44,480 (Consolidated)

The State of Kansas, *Appellee*, v. Richard Lee McCarther, *Appellant*.

(422 P. 2d 1012)

Opinion filed January 21, 1967.

*G. Edmond Hayes,* of Wichita, argued the cause and was on the brief for the appellant.

*Martin E. Updegraff,* Deputy County Attorney, of Wichita, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: This case involves appeals from three convictions of first-degree robbery, in violation of K. S. A. 21-527. The defendant, Richard Lee McCarther, who is the appellant herein, was charged in two separate cases in the district court of Sedgwick County. In the first case he was charged with robbing Maxwell's Super Market, while the second case contained two counts: One, the robbery of Brown's Market, and the other, the felonious taking of a Chevrolet car from Judy Jershin.

The two cases were consolidated for trial and were tried together in the district court. The two appeals have been consolidated for hearing in this court, and we shall refer to them in the singular.

The defendant raises only one question on appeal: Is prosecution barred by the provisions of K. S. A. 62-1449? This statute reads as follows:

"When one is properly charged in one or more counts of a complaint, indictment, or information with an offense, or offenses, against any of the laws of the state, and upon the trial of the action evidence is admitted of other offenses which might have been included as other counts in the complaint, indictment, or information, or on which the state might have elected to rely in the action then being tried, a conviction or acquittal on the charge, or charges, as made in the complaint, indictment, or information, shall operate as a bar to any subsequent prosecution of the same person in another action for any act or acts for which the state could have asked for a conviction under the complaint, indictment or information in the former trial."

The defendant's contention is predicated on the following circumstances: On December 5, 1964, the defendant was incarcerated in the Sedgwick County jail awaiting trial on three criminal charges: (1) First-degree robbery; (2) felonious assault; and (3) possession of a firearm after conviction of a felony. An account of the present status of these charges is contained in *State v. McCarther*, 197 Kan. 279, 416 P. 2d 290.

On December 5, 1964, in company with other prisoners, the defendant made his escape from the Sedgwick County jail and, while a fugitive from justice, committed the three robberies which are involved in the present appeal. Upon McCarther's capture and return to the inhospitable atmosphere of the county calaboose, he was not only recommitted on the old charges but was also committed on a charge of escape from jail, in violation of K. S. A. 21-736, and on the three charges of first-degree robbery with which we are now concerned.

Before McCarther was brought to trial on either the escape or the robbery charges, the State of Kansas moved to consolidate all three of the cases for trial. In its motion, the state alleged that trial on the escape charge, by itself, might result in barring prosecution of the three robbery charges contained in the other two cases. The state also averred that, since all of the charges resulted from the initial jail break and the subsequent recapture, they were all part of one series of events. The motion of the state was overruled and McCarther was tried on the escape charge, alone, and was convicted. That conviction was affirmed on appeal in *State v. McCarther*, 196 Kan. 665, 414 P. 2d 59.

Assuming, but without deciding, that it would have been proper for the trial court, in the exercise of its judicial discretion, to consolidate the robbery and escape cases for common trial (for timely discussions of this question, see *State v. Brown*, 181 Kan. 375, 312 P. 2d 832, and *State v. Browning*, 182 Kan. 244, 320 P. 2d 844), it

is our opinion that K. S. A. 62-1449 is not applicable to the facts of this case. An essential component of 62-1449, *supra*, is the *admission of evidence* at the first trial. The sense of the statute is that the state may not retry a defendant for any offense which might have been included as an additional count in the information or on which the state might have elected to rely *when evidence thereof was admitted at the first trial.* (*State v. Momb*, 154 Kan. 435, 119 P. 2d 544; 9 Kan. L. Rev. 440.)

Thus, if evidence of the Maxwell, or the Brown, or the Jershin robberies had been admitted at McCarther's trial for escaping jail, we think the statute (62-1449, *supra*) would have application. However, it is precisely in the area of *evidence admitted at the escape trial* that the defendant's argument is fallacious. In short, our attention is not directed to the admission of any evidence in the escape case which tended to prove either one or more of the foregoing robberies.

The defendant pinpoints a single sentence from the testimony of the witness, Elmo Johnson, as constituting the evidence on which he depends. Johnson, who was called by the state, testified he was present and checked McCarther into the jail when he was brought back on the afternoon of December 18, 1964. He further testified as follows:

"Q. Just tell us what you had to do with booking him in on the 18th?

"A. On the 18th we retyped the book-in sheet on him and added the new charges on the commitment they brought in and I took him back to the dressing room on the second floor and changed his clothes from the regular civilian clothes he had on to the denims and I took him to the seventh floor and locked him in this segregation side."

We fail to understand how this scrap of evidence can be said to rise to the stature of "evidence . . . of other offenses" within the contemplation of the statute. Johnson's testimony was not offered to prove a single one of the robberies which were charged against McCarther. There is no reference whatever in his testimony to any robbery, nor does his answer disclose what charges were filed, the nature thereof, or times of commission.

The subject matter of K. S. A. 62-1449 is clearly jeopardy. Such is plainly indicated by L. 1935, ch. 163, Sec. 1, the title of which reads:

"AN ACT relating to subsequent prosecutions in criminal actions, being supplemental to those provisions of the code of criminal procedure pertaining to jeopardy."

This court, in considering the statute in *State v. Momb,* supra, stated:

"There can be no doubt concerning the fact that the statute deals with jeopardy. It clearly was intended to supplement the existing law upon that subject in some manner. The title of the act clearly says so. . . ." (p. 440.)

Indentity of offenses is universally declared to be an indispensable ingredient of jeopardy. (*State v. Ragan,* 123 Kan. 399, 256 Pac. 169; 22 C. J. S., Criminal Law, § 278 [1], pp. 713-719.) In *State v. Schmidt,* 92 Kan. 457, 140 Pac. 843, we said:

". . . In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses . . ." (p. 459.)

The Johnson testimony does not measure up to this test; it identifies no other offense charged against McCarther. On oral argument, we were advised that the state was extremely careful in presenting the charge of breaking jail to present no evidence which could be construed as establishing the identity of other offenses of which McCarther was accused. In this effort, we believe the state was successful so far as Johnson's testimony is concerned.

In our opinion, the defendant's claim of error cannot be sustained, and the judgment of the trial court is affirmed.