No. 45,592

CITY OF TOPEKA, *Appellee,* v. CARL A. KENDALL, *Appellant.*

(485 P. 2d 189)

Opinion filed May 15, 1971.

*Carl A. Kendall,* appellant, argued the cause and was on the brief *pro se.*

*Bruce C. Harrington,* assistant city attorney, argued the cause, and *James P. Buchele,* city attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Carl A. Kendall was convicted in municipal court in the city of Topeka of driving a motor vehicle without having a valid driver's license. The offense allegedly occurred January 19, 1968, on River Road in Topeka. Upon appeal to the district court this conviction was sustained and on November 15, 1968, Mr. Kendall was sentenced to pay a fine of $300 and to serve ninety days in jail. Apparently probation has been granted. Mr. Kendall has now appealed to this court and, although represented by counsel in the trial court, has chosen to represent himself here.

Appellant, a layman, has disregarded our rules respecting the making of an abstract of the record of the 1968 conviction from which he is appealing in that no facts or evidence are presented respecting the errors he asserts in that judgment. We have only unsupported conclusory argumentation against it. Although we are disposed to waive every possible technicality where a convicted person appeals without benefit of counsel the result of the default here is we have nothing to review.

In his brief appellant complains of many occurrences over the past thirty years in which he has been involved, allegedly culminating in his present conviction, commencing with the revocation of his driver's license in January, 1941, after an automobile collision. These events include three civil suits which reached this court, two previous charges in magistrate court of operating a motor vehicle without a driver's license, one of which resulted

either in a dismissal or an acquittal and the other in a conviction, and two additional civil suits in district court. None of the civil actions had any connection with appellant's right to operate a motor vehicle.

Virtually all the complaints made either involve evidentiary matters of which we have no record or are irrelevant to the 1968 conviction. The only matter of possible substance discernible from examination of the material supplied us is that appellant was wrongfully denied the defense of former jeopardy. Appellant's contention apparently is that having been charged in 1954 with the offense of driving without a driver's license and acquitted, and having been charged and convicted in 1962 of a similar offense, he is not subject to conviction for such an offense committed in 1968. Appellant misapprehends the doctrine of former jeopardy, the touchstone of which is identity of offenses (*State v. McCarther,* 198 Kan. 48, 51, 422 P. 2d 1012). Here, patently, having occurred at different times, the several offenses were separate and independent, and appellant's contention with respect to jeopardy has no merit.

No error appears in the judgment and it is affirmed.

APPROVED BY THE COURT.