(603 P.2d 1021)

No. 49,406

VAL GENE WILLIAMS, *Appellant,* v. JOHNNIE DARR, Sheriff of Sedgwick County, Kansas, *Appellee.*

Opinion filed December 14, 1979.

*Al Hybsha,* of Wichita, for appellant.

*Robert Sandilos,* assistant district attorney, *Vern Miller,* district attorney, and *Curt T. Schneider,* attorney general, for appellee.

Before REES, P.J., SPENCER and SWINEHART, JJ.

REES, J.: Petitioner Val Gene Williams appeals from the denial of his application for a writ of habeas corpus. The respondent is the Sedgwick County sheriff. Although petitioner is free on bond, he is in "custody" for present purposes. *In re Berkowitz,* 3 Kan. App. 2d 726, 727, n. 1, 602 P.2d 99 (1979).

By a single count information filed August 3, 1973, in Sedgwick County District Court, petitioner was charged with aggravated indecent solicitation of a child as defined in K.S.A. 21-3511:

"Aggravated indecent solicitation of a child is the accosting, enticing or soliciting of a child under the age of twelve (12) years to commit or to submit to an unlawful sexual act."

The unlawful sexual act (K.S.A. 21-3501[2]) relied upon by the State was indecent liberties with a child as was defined in K.S.A. 21-3503(1):

"(1) Indecent liberties with a child is engaging in  .  .  .  the following [act] with a child under the age of sixteen (16) years who is not the spouse of the offender:

. . . . .
"(b) Any fondling or touching of the person of either the child or the offender done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both."

The date of the alleged offense was June 11, 1973; the victim was then eleven years old; the victim was not the spouse of the petitioner.

Petitioner's jury trial resulted in his conviction and the imposition on December 10, 1973, of a one to five year sentence. He appealed. During the pendency of the appeal, K.S.A. 21-3503(1)(b) was held unconstitutionally vague and therefore void. *State v. Conley,* 216 Kan. 66, 531 P.2d 36 (1975). The Supreme Court accepted the suggestions made in a confession of error filed by the State and ordered reversal of the conviction and discharge of the petitioner on April 4, 1975.

When petitioner's conviction was reversed, he was serving his sentence at the Kansas State Industrial Reformatory (KSIR) concurrently with a fifteen years to life sentence imposed December 26, 1973, by the Sedgwick County District Court upon an unrelated conviction of aggravated robbery (see *State v. Williams & Reynolds,* 217 Kan. 400, 536 P.2d 1395 [1975]).

On May 22, 1975, seven weeks following the reversal of petitioner's conviction here involved, a second prosecution was commenced by the filing of a single count complaint again charging him with aggravated indecent solicitation of a child (K.S.A. 21-3511) but alleging the unlawful sexual act to have been lewd and lascivious behavior as defined in K.S.A. 21-3508(1)(b):

"(b) The exposure of a sex organ in the presence of a person who is not the spouse of the offender or who has not consented thereto, with intent to arouse or gratify the sexual desires of the offender or another."

An arrest warrant was issued the same day.

Petitioner was not informed of the newly filed charge. No detainer was ever filed by the State; the Uniform Mandatory Disposition of Detainers Act, K.S.A. 22-4301 *et seq.,* was not implemented.

In September of 1976, petitioner was released from KSIR to a Sedgwick County work release program. He returned to Sedgwick County. On January 6, 1977, petitioner was apprehended by law enforcement officers in Sedgwick County for reasons unknown to us and the existence of the outstanding warrant was

discovered. Petitioner's arrest came nineteen and one-half months after the commencement of the second prosecution.

Following an unsuccessful motion to dismiss, petitioner filed an original action for a writ of habeas corpus in the Supreme Court. The action was transferred to the Sedgwick County District Court where the proceedings on the second prosecution were pending. Petitioner's habeas corpus application raised issues including double jeopardy and denial of speedy trial. The district court denied petitioner's application. That denial is now before us for review. We conclude the writ should have been granted and the complaint dismissed.

We have the benefit of the record of the evidence introduced at the trial of petitioner on the first prosecution; it appears in the record on appeal filed in the direct appeal terminated by reversal and discharge of the defendant. There are endorsed on the complaint filed in the second prosecution the same witnesses as those endorsed on the information filed in the first prosecution. It would appear indisputable that their testimony at a second trial, at the least, would be the same as admitted at the first trial.

When proceedings were first undertaken against petitioner concerning the June 11, 1973, incident involving the victim and upon the evidence later admitted at petitioner's first trial, the State, as a matter of prosecutorial selectivity, or discretion, stood free to choose among charges of indecent liberties with a child (K.S.A. 21-3503[1][b], a class C felony—the State was entitled to then assume the statute was constitutional); lewd and lascivious behavior (K.S.A. 21-3508[1][b], a class B misdemeanor); indecent solicitation of a child (K.S.A. 21-3510, a class A misdemeanor) relying upon either indecent liberties with a child or lewd and lascivious behavior as the unlawful sexual act; and aggravated indecent solicitation of a child (K.S.A. 21-3511, a class E felony) relying upon either indecent liberties with a child or lewd and lascivious behavior as the unlawful sexual act. Whether as a result of the single incident petitioner might lawfully have been convicted of and sentenced for more than one offense, we need not now discuss or decide. However, rules of some present relevance include the following:

"Each of several crimes established by the same conduct of a defendant may be alleged as a separate count in a single information. K.S.A. 21-3107(1). It is proper to charge by several counts of an information the same offense committed in different ways or by different means to the extent necessary to provide for every

possible contingency in the evidence. *State v. Pierce, et al.,* 205 Kan. 433, 437, 469 P.2d 308 (1970)." *State v. Hagan,* 3 Kan. App. 2d 558, 560, 598 P.2d 550, 554 (1979).

Further, under K.S.A. (now 1978 Supp.) 22-3202(1), "Two or more crimes may be charged against a defendant in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." The crimes involved here fall within these rules.

We cannot quarrel with the prosecutor's initial decision. Sound prosecutorial discretion frequently dictates one charge when multiple charges are legally possible. Further, separation would have encountered hazards of its own, and might well have run into allegations of duplicity or multiplicity, variants of the problem of double jeopardy. See *e.g., State v. Thornton,* 224 Kan. 127, 577 P.2d 1190 (1978); *State v. Lassley,* 218 Kan. 758, 545 P.2d 383 (1976); *Jarrell v. State,* 212 Kan. 171, 510 P.2d 127 (1973). The fact remains that petitioner was convicted of a crime which proved as a matter of law to be no crime at all. There is no suggestion that the State chose its present position deliberately. From petitioner's point of view, however, it makes little difference whether he is to be retried from design or from chance. Either way he must run the gauntlet again.

In the former prosecution, petitioner was charged with and convicted of accosting, enticing or soliciting a child under the age of twelve years who was not the spouse of petitioner *to touch the person of petitioner* with the intent to arouse or to satisfy the sexual desires of the petitioner. K.S.A. 21-3511; K.S.A. 21-3503(1). The trial evidence proved not only that charge, but also that petitioner was guilty of accosting, enticing, or soliciting a child under the age of twelve years who was not the spouse of the petitioner *to submit to exposure of petitioner's sex organ in the presence of the child* with the intent to arouse or gratify the sexual desires of the petitioner. K.S.A. 21-3511; K.S.A. 21-3508(1)(*b*). The latter is the offense for which petitioner is now charged. The only difference is the touching of petitioner's person as distinguished from exposure of petitioner's sex organ. To be specific, the victim testified without contradiction that not only was there

touching of petitioner effected by petitioner's taking and placement of the victim's hand, but also that the touching was immediately preceded and contemporaneously accompanied by proscribed exposure by petitioner.

Petitioner's double jeopardy argument almost falls within the facts and holding of the recent decision of this court in *In re Berkowitz*, 3 Kan. App. 2d 726. In *Berkowitz*, the compulsory joinder provisions found in K.S.A. 1978 Supp. 21-3108(2)(*a*) barred that petitioner's reprosecution since the new charge was actually proved in the first trial and could have been but was not charged or relied upon in the former prosecution. The dispositive distinction of *Berkowitz* is that in that case the former prosecution resulted in an acquittal of a greater offense. The similarity of *Berkowitz* is the conviction in the former prosecution of a crime which proved as a matter of law to be no crime at all. 3 Kan. App. 2d at 748.

In sum, the present subsequent prosecution is for a crime (1) of which evidence was introduced and admitted in the former prosecution and (2) which might have been included as another count in the information filed in the former prosecution had the State so elected, but the former prosecution did not result in conviction or acquittal. We hold prosecution of petitioner under the pending complaint does not constitute double jeopardy proscribed by K.S.A. 1978 Supp. 21-3108(2)(*a*).

Consideration of petitioner's claim of denial of speedy trial leads us to conclude that his federal and state constitutional rights to a speedy trial were violated.

The constitutional guaranty of a speedy trial attaches when one becomes accused and the criminal prosecution begins. *State v. Taylor,* 3 Kan. App. 2d 316, Syl. ¶ 5, 594 P.2d 262 (1979), and cases cited therein. Petitioner's right to a speedy trial on the now pending charge attached on May 22, 1975, upon the filing of the complaint and issuance of the arrest warrant. K.S.A. 21-3106(5); K.S.A. 1978 Supp. 22-2202(5); K.S.A. 1978 Supp. 22-2301(1); *United States v. Louzon,* 392 F. Supp. 1220, 1225-1226 (E. D. Mich. 1975); *People v. Love,* 39 Ill. 2d 436, 442, 235 N.E.2d 819 (1968); *Jacobson v. Winter,* 91 Idaho 11, 13, 415 P.2d 297 (1966); *Rost v. Municipal Court,* 184 Cal. App. 2d 507, 510-513, 7 Cal. Rptr. 869, 85 A.L.R.2d 974 (1960).

The factors to be considered in determining whether a peti-

tioner has been denied a speedy trial are: (1) length of the delay, (2) reason for the delay, (3) petitioner's assertion of his rights, and (4) prejudice resulting to the petitioner. *Barker v. Wingo,* 407 U.S. 514, 530, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972); *State v. Smith & Miller,* 224 Kan. 662, 671, 585 P.2d 1006 (1978), *modified* 225 Kan. 199, 588 P.2d 953 (1979); *State v. Taylor,* 3 Kan. App. 2d at 321-322.

We treat the delay here to be nineteen and one-half months, the period between commencement of the present prosecution and petitioner's arrest, since this appeal was taken prior to trial. Prior to his arrest, petitioner was not informed of the outstandng warrant and had no reasonable means of discovering its existence. No detainer was filed by the State. Under the facts of this case, the State may not be heard to say it was unaware of petitioner's incarceration and whereabouts so as to excuse its failure to file a detainer at KSIR or to serve the arrest warrant in Sedgwick County. Since petitioner was without knowledge of the outstanding warrant, his failure to assert his right to a speedy trial cannot be held against him. Lastly, petitioner was prejudiced in that had a speedy trial been afforded and had petitioner been found guilty, a sentence imposed likely would have been ordered to run concurrently with the aggravated robbery sentence petitioner was serving. *United States v. Louzon,* 392 F. Supp. at 1227-1228. This was a real and practical possibility in view of his prior sentencing. As a result of the delay, petitioner was denied this possibility. We conclude petitioner was denied his right to a speedy trial and the complaint now pending against petitioner should be dismissed.

The decision of the trial court is reversed; the case is remanded to the district court with directions to grant the writ and dismiss the complaint now pending against petitioner.