No. 54,364

STATE OF KANSAS, *Appellee,* v. FRANK D. CALDERON, *Appellant.*

(661 P.2d 781)

 Opinion
filed March 26, 1983. 

*Paul D. Post,* of Topeka, argued the cause and was on the brief for the appellant.

*John D. Watt,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is a criminal action in which Frank D. Calderon (defendant-appellant) appeals a conviction of aggravated sodomy (K.S.A. 21-3506) from the district court of Pottawatomie County. The appellant contends the trial court erred in refusing to sustain his motion to dismiss on the grounds that this prosecution violated the double jeopardy provisions of K.S.A. 21-3108(2)(a) and his constitutional right to a speedy trial, and that he is entitled to credit under K.S.A. 21-4614 for the time served from the date of his arrest on that charge.

The evidence in the record reveals that the appellant forcibly placed an eleven-year-old boy in his car in Manhattan, *Riley County,* Kansas, and drove to a farm near Manhattan, located in *Pottawatomie County.* There the appellant performed sodomy on the boy. The appellant then drove the boy back to Manhattan where he was released.

The next day, on August 20, 1980, the appellant was charged with kidnapping and aggravated sodomy in the district court of Riley County. On September 8, 1980, the aggravated sodomy charge was dismissed without prejudice on a motion by the State. On September 17, 1980, the appellant was charged with aggravated sodomy in the district court of Pottawatomie County.

On December 8, 1980, the appellant entered a plea of nolo contendere to the kidnapping charge in Riley County. The appellant was sentenced to the state penitentiary at Lansing.

On September 2, 1981, the appellant was returned from the state penitentiary to Pottawatomie County to answer the charge of aggravated sodomy, and was *arraigned* on September 17, 1981, exactly one year after the charge was first filed in Pottawatomie County. On October 9, 1981, the trial court heard the appellant's motion to dismiss, which alleged violations of K.S.A. 21-3108(2)(a) (double jeopardy), K.S.A. 22-3402 (right to speedy trial), and K.S.A. 22-4301 *et seq.* (Uniform Mandatory Disposition of Detainers Act). The motion was overruled. The matter was tried to the court on October 27, 1981, with evidence being

presented upon stipulation of the parties by the county attorney. No evidence was presented by the appellant. The trial court found the appellant guilty of aggravated sodomy. In imposing sentence the court gave the appellant credit for the time spent in jail on the Pottawatomie County charge from September 2, 1981, through October 27, 1981. This appeal followed.

The first issue on appeal concerns the double jeopardy provisions of K.S.A. 21-3108(2)(*a*), which provides:

"A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

"(*a*) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely . . . ."

The appellant contends the Pottawatomie County prosecution is barred because evidence concerning the sodomy charge was admitted during the proceeding before the Riley County court at which the appellant entered his plea of nolo contendere to the kidnapping charge. The "evidence" the appellant relies on in support of his claim of double jeopardy consists of the following statement made by the Assistant Riley County Attorney in response to the court's inquiry concerning the factual basis for the kidnapping charge:

"Your Honor, I don't think there's any question that there's a factual basis for the plea. . . . Basically the State's evidence would show that this defendant, who [was] identified at the preliminary hearing, did pick up [the victim] by force — actually removing him from his bicycle and then putting him into an automobile, taking him outside this county, over to Pottawatomie County where the State had alleged that he had performed aggravated sodomy on the boy."

Three elements must be present to bar a subsequent prosecution under K.S.A. 21-3108(2)(*a*). First, the prior prosecution must have resulted in a conviction or acquittal, second, evidence of the present crime must have been introduced in the prior prosecution, and third, the charge in the second prosecution must have been one which could have been charged as an additional count in the prior case. *State v. Mahlandt,* 231 Kan. 665, Syl. ¶ 2, 647 P.2d 1307 (1982); *In re Berkowitz,* 3 Kan. App. 2d 726, 602 P.2d 99 (1979).

The State maintains the Pottawatomie County prosecution was

not barred for the reasons that the sodomy charge could not have been charged as an additional count in the Riley County prosecution because venue was improper there, and that K.S.A. 21-3108(2)(a) requires that evidence of the subsequent prosecution must have been admitted at a former *trial,* and is inapplicable where the prior conviction is based upon a plea of guilty or nolo contendere.

The resolution of this issue requires us to first determine whether the aggravated sodomy charge could have been brought as an additional charge in Riley County. The general rule is that venue exists in the county where the crime was committed. K.S.A. 22-2602. An exception to this rule appears in K.S.A. 22-2603, which states:

"Where two or more acts are requisite to the commission of any crime and such acts occur in different counties the prosecution may be in any county in which any of such acts occur."

Construing this language as it appeared in the then-existing venue statute, K.S.A. 62-404 (Corrick), the court in *Addington v. State,* 199 Kan. 554, 563, 431 P.2d 532 (1967), held that for the statute to apply an overt act must occur in one county and the effects of such overt act, which are necessary to complete the crime, must occur in another county.

The State contends the act of kidnapping was not essential or necessary to the act of aggravated sodomy as set forth in K.S.A. 21-3506(b), as that section requires only that sodomy be committed with a child under the age of sixteen years, and does not require that the sodomy be committed with force or threat of force, as is provided in K.S.A. 21-3506(a). The State relies in part on *State v. Korbel,* 231 Kan. 657, 660, 647 P.2d 1301 (1982), wherein the defendant claimed venue was not proper for a prosecution for rape in Sedgwick County, where the victim was kidnapped from Sedgwick County, but the rape occurred in Sumner County. It was held that venue was proper in Sedgwick County because the element of the crime of rape of overcoming a woman's resistance by force or fear was accomplished by the act of kidnapping in Sedgwick County. The State argues that under 21-3506(b), with which the appellant was charged, the crime was complete in and of itself when the sodomy was performed in Pottawatomie County on a person under sixteen years of age and, because overcoming the victim by force or fear was not an

element of the crime, venue was proper only in Pottawatomie County.

Similar to the situation presented in *Korbel*, K.S.A. 22-2603 has been applied in several cases involving prosecutions for kidnapping and felony murder which have held that venue is proper in the county where the underlying felony of kidnapping occurred, although the act of murder, necessary to complete the crime of felony murder, occurred in a different county. See *State v. Duvaul*, 223 Kan. 718, 721, 576 P.2d 653 (1978); *State v. Higdon*, 224 Kan. 720, 724, 585 P.2d 1048 (1978); *State v. Pencek*, 224 Kan. 725, 730, 585 P.2d 1052 (1978).

To resolve the venue issue it is important to examine the crime charged and the elements necessary to prove that the crime has been committed. The crime of aggravated sodomy is complete under section (*b*) of 21-3506 when sodomy is committed with a child under the age of sixteen years. Proof of force, threat of force, or infliction of bodily harm on the victim is not necessary to establish the crime. Proof of this element is necessary, however, where a person is charged with aggravated sodomy under section (*a*) of the statute. It is important to note that the appellant was not charged in Riley County with aggravated kidnapping, which requires proof of infliction of bodily harm upon a person kidnapped to support a conviction. K.S.A. 21-3421. In that instance the act of aggravated sodomy would have been the overt act necessary to complete the crime of aggravated kidnapping and could have been charged as an additional count in the Riley County prosecution, thereby precluding a subsequent prosecution of the aggravated sodomy charge in Pottawatomie County.

In this case, however, we are concerned only with the actual charges brought against the appellant, and not what might have been charged by the prosecution. The crime charged in Pottawatomie County, aggravated sodomy as defined by 21-3506(*b*), was complete in and of itself in Pottawatomie County when sodomy was committed on the victim, an eleven-year-old child. The element of force, which concededly occurred by the act of kidnapping in Riley County, was not necessary to the completion of the crime charged and thus the situation here can readily be distinguished from *State v. Korbel* and other cases cited above. Venue did not lie in Riley County under K.S.A. 22-2603 because no act required to establish the crime of aggravated sodomy

under 21-3506(*b*) occurred there. The charge of aggravated sodomy was properly dismissed by the State and refiled in Pottawatomie County. Because the crime could not have been charged in Riley County there was no violation of the double jeopardy provisions of 21-3108(2)(*a*).

The State further contends the double jeopardy statute does not apply where the prior conviction is based on a plea of nolo contendere. Those cases which have construed K.S.A. 21-3108(2)(*a*), or its forerunner, K.S.A. 62-1449 (Corrick), have focused upon the *admission of evidence at a prior trial* as the necessary factor bringing the statute into play. In *State v. McCarther,* 198 Kan. 48, 50, 422 P.2d 1012 (1967), the court stated:

"An essential component of 62-1449, *supra,* is *the admission of evidence* at the first trial. The sense of the statute is that the state may not retry a defendant for any offense which might have been included as an additional count in the information or on which the state might have elected to rely *when evidence thereof was admitted at the first trial."* (Emphasis in original.)

In *Coverly v. State,* 208 Kan. 670, 493 P.2d 261 (1972), the defendant pled guilty to charges of escape and assault contained in separate informations arising out of an escape from jail. The court rejected the defendant's claim that the conviction on the escape charge barred prosecution on the assault charge, stating:

"The thrust of the section is double jeopardy, but the operational fact is a trial at which evidence is introduced. . . .

"Thus, if there had been a separate *trial* of the jail break charge at which evidence of the assault had been admitted, subsequent prosecution for the assault would have been barred under the statute. The State's remedy, had the matter gone to trial, would have been to include both charges as separate counts in one information or to have sought a consolidation.

"Here, however, there was no trial and no evidence introduced. The statute was therefore inapplicable, as the court below correctly held." (Emphasis in original.) 208 Kan. at 672-73.

In *Struble v. Gnadt,* 164 Kan. 587, 191 P.2d 179 (1948), the court rejected the defendant's contention that evidence introduced at the preliminary hearing of the three offenses charged violated the double jeopardy provisions of G.S. 1935, 62-1449 (K.S.A. 62-1449 [Corrick]), stating:

"The statute itself by its own terms applies to trial in the district court and not to preliminary hearings. It says 'properly charged' and 'upon trial' 'conviction or acquittal' 'asked for a conviction.' A preliminary hearing is not a trial. An accused

is neither convicted nor acquitted at a preliminary hearing. He is merely held for trial in district court or discharged." 164 Kan. at 591-92.

The statement relied on here by the appellant as barring the subsequent prosecution for aggravated sodomy was given by the assistant district attorney to inform the court of a factual basis for the appellant's plea. A plea of nolo contendere establishes that the accused is unwilling to contest the charges against him. K.S.A. 22-3209(2). Under K.S.A. 22-3210(4), before accepting a plea of guilty or nolo contendere, the court must first find that a factual basis exists for the plea. Under 22-3209(2) the court may make a finding of guilty upon a plea of nolo contendere, but the plea cannot be used against the defendant as an admission in any other action based on the same act. See also 21 Am. Jur. 2d, Criminal Law § 499; 1 Wright, Federal Practice and Procedure: Criminal 2d § 177.

In establishing a factual basis for the plea the court must establish that all elements of the crime charged are present. To establish the crime of kidnapping under 21-3420(b) the prosecution must present evidence tending to show the defendant took or confined the victim by force, threat or deception, with the intent to hold the victim to facilitate the commission of a crime. See PIK Crim. 2d § 56.24. The latter element requires proof of the accused's specific intent during the commission of the kidnapping to take or confine the victim for a particular purpose. Intent, like any element of a crime, may be shown by circumstantial evidence. *State v. Childers*, 222 Kan. 32, 37, 563 P.2d 999 (1977). Here the prosecution indicated to the court the nature of the crime allegedly committed by the appellant in Pottawatomie County, *from which it could be inferred that the appellant had the intent to commit that crime at the time of the commission of the kidnapping.* The prosecutor's statement did nothing more than show that the element of intent to facilitate the commission of a crime was present as required by the kidnapping statute. The appellant was not tried on the kidnapping charge and no evidence of the aggravated sodomy was introduced. We hold that the statement of a factual basis by the State for the appellant's plea of nolo contendere establishing the elements of the crime charged was not sufficient to bring K.S.A. 21-3108(2)(a) into play. For this reason also K.S.A. 21-3108(2)(a) is inapplicable and the Pottawatomie County prosecution for aggravated sodomy was not barred.

The appellant next contends he was denied his constitutional right to a speedy trial in violation of the 6th Amendment of the United States Constitution and Section 10 of the Kansas Bill of Rights. This claim is based on the thirteen-month delay between the time the appellant was charged with aggravated sodomy in Pottawatomie County and his trial on that charge. In his motion to dismiss before the district court the appellant claimed the delay had violated the statutory speedy trial provisions embodied in K.S.A. 22-3402. This claim has been abandoned on appeal and in its stead the appellant asserts a violation of his constitutional right to a speedy trial.

The speedy trial requirements in K.S.A. 22-3402 are made conditional on the lapse of time between arraignment and trial, not the lapse of time between the date the defendant was charged and the preliminary hearing. *State v. Smith,* 215 Kan. 34, 39, 523 P.2d 691 (1974). Here the appellant was brought to trial 40 days after his arraignment. No violation of his statutory right to speedy trial occurred.

The determination of a constitutional violation of the right to speedy trial depends upon the facts and circumstances of each case; the mere passage of time alone is not determinative. *State v. Wilson,* 227 Kan. 619, 621-22, 608 P.2d 1344 (1980). The constitutional protection of a speedy trial attaches when one becomes accused and the criminal prosecution begins. *State v. Wilson,* 227 Kan. at 621; *Williams v. Darr,* 4 Kan. App. 2d 178, 182, 603 P.2d 1021 (1979); *State v. Taylor,* 3 Kan. App. 2d 316, 321, 594 P.2d 262 (1979).

In *State v. Otero,* 210 Kan. 530, 532-33, 502 P.2d 763 (1972), this court adopted a balancing test set forth in *Barker v. Wingo,* 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972), in which the conduct of both prosecution and accused is to be weighed. The four factors identified in *Barker* for consideration are: length of the delay, the defendant's assertion of his right to speedy trial, reasons for delay and the prejudice resulting to the defendant.

In examining these factors as they apply to the facts of this case, we must first consider the length of the delay. A period of thirteen months elapsed between the time the appellant was charged in Pottawatomie County and when he was brought to trial. The length of delay in itself does not establish a violation

but must be viewed in light of the other three factors. *State v. Fink,* 217 Kan. 671, 538 P.2d 1390 (1975); *State v. Wilson,* 227 Kan. at 622. In *Wilson* the court held a three-year delay was nonviolative of the speedy trial right. In *Barker v. Wingo* a five-year delay did not violate constitutional rights. In *State v. Fink* a delay of fourteen months was not considered constitutionally infirm. (See also cases cited therein, 217 Kan. at 678.) The Court of Appeals recently held in *State v. Hunt,* 8 Kan. App. 2d 162, 167-68, 651 P.2d 967 (1982), that a delay of one year between the defendant's arrest and trial was not per se unreasonable.

Next we must consider the defendant's assertion of his right to speedy trial. The defendant maintains he had no knowledge of the pending charge in Pottawatomie County and therefore his failure to assert his right to a speedy trial cannot be held against him. However, the record on appeal shows the defendant was well aware of related charges pending against him in Pottawatomie County at the time his plea was entered in Riley County on the kidnapping charge and at the time of hearing. Also, in a letter to the district court dated June 5, 1981, the appellant requested the case number "of the warrant on file at Pottawatomie County so that I may file a Mandatory disposition of a detainer act with the district attorney there."

Although it is not mandatory that the defendant assert his right to speedy trial, the failure to do so makes it difficult to prove he was denied his constitutional right to speedy trial. *State v. Hemminger,* 210 Kan. 587, 595, 502 P.2d 791 (1972); *State v. Hunt,* 8 Kan. App. 2d at 168. This factor necessarily weighs heavily against the appellant in the *Barker* balancing test. Of greater significance is the appellant's failure to attempt to preserve or assert his right to a speedy trial as provided by the Uniform Mandatory Disposition of Detainers Act, K.S.A. 22-4301 *et seq.,* although it is clear from his letter to the district court the appellant was aware of the act.

The Uniform Mandatory Disposition of Detainers Act provides the means by which an inmate of a penal institution can require the disposition of criminal charges against him. This court has held that where a prosecution is pending against an accused confined in a state penal institution for another offense, the definition of speedy trial and the procedure for relief are gov-

erned solely by the provisions of the act. *State v. Brooks*, 206 Kan. 418, Syl. ¶ 1, 479 P.2d 893 (1971); *Townsend v. State*, 215 Kan. 485, 487, 524 P.2d 758 (1974). To obtain the right of speedy trial provided by section 10 of the Kansas Bill of Rights, as legislatively defined by the act, it is incumbent upon the accused incarcerated in a penal institution of this state to comply with all provisions of the act, including the preparation of his written request for disposition of detainer to be addressed to the court in which the charge is pending against him and to the county attorney charged with the duty of prosecuting it. *State v. McCowan*, 226 Kan. 752, 758, 602 P.2d 1363 (1979), *cert. denied* 449 U.S. 844 (1980); *State v. Dolack*, 216 Kan. 622, 634, 533 P.2d 1282 (1975); *Brimer v. State*, 195 Kan. 107, Syl. ¶ 2, 402 P.2d 789 (1965). Where an inmate fails to assert his right of speedy trial under the provisions of this act it is deemed to have been waived. *State v. McCowan*, 226 Kan. at 758; *State v. Dolack*, 216 Kan. at 634; *State v. Brooks*, 206 Kan. at 421.

We must next consider the reasons for the delay. The State does not assert any reason for the delay, other than to point out that the appellant was in the custody of Riley County authorities until February 2, 1981, a period of five months. The appellant does not allege the delay was deliberate on the part of the State. Where a delay is due to negligence or inadvertence on the part of the State it is to be weighted less heavily but nevertheless should be considered since the responsibility for bringing the defendant to trial rests with the State rather than the accused. *Barker v. Wingo*, 407 U.S. at 531; *State v. Fink*, 217 Kan. at 679; *State v. Taylor*, 3 Kan. App. 2d at 323.

The final factor to consider is the resulting prejudice to the defendant. The appellant alleges he has been prejudiced by the delay because his sentence for the sodomy conviction could possibly have been ordered to run concurrently with the kidnapping sentence, and therefore he has lost up to a year he will have to spend in prison. The possibility that had a speedy trial been afforded, a sentence imposed would likely have been ordered to run concurrently with another sentence the defendant is serving, has been recognized as prejudicial to the defendant. See *Williams v. Darr*, 4 Kan. App. 2d at 183; *Smith v. Hooey*, 393 U.S. 374, 378, 21 L.Ed.2d 607, 89 S.Ct. 575 (1969).

The appellant relies on *Williams v. Darr*, 4 Kan. App. 2d at

183, to establish that his right to speedy trial was violated. There the Court of Appeals held that a delay of nineteen and one-half months between the time the defendant was charged and prosecuted violated his right to speedy trial. The court emphasized that the defendant was incarcerated on an unrelated charge and had no knowledge of the pending charge and was prejudiced in that he had been denied the possibility of having a sentence on the pending charge run concurrently with the sentence he was currently serving. We distinguish this case from *Williams* first because the length of delay is shorter, and second, because the appellant was aware of the possible charges pending against him and could have requested his right to speedy trial under the provisions of the Mandatory Disposition of Detainers Act, K.S.A. 22-4301 *et seq.* In *Williams v. Darr* the petitioner was unaware of the charges and was unable to discover their existence.

The only factor weighing heavily in the appellant's favor is a loss of the possibility that his sentence on the aggravated sodomy charge could have been ordered to run concurrently with his sentence on the kidnapping charge. The weight of this factor, however, is greatly tempered by the failure of the appellant to assert his right to a speedy trial under the Uniform Mandatory Disposition of Detainers Act. Under the facts of this case we conclude the appellant was not denied his constitutional right to a speedy trial.

In his final point on appeal the appellant contends he is entitled to credit under K.S.A. 21-4614 for the time served from his arrest on the aggravated sodomy charge on August 20, 1980, until he was sentenced on that charge. The trial court ordered his sentence to be effective from September 2, 1981, the date the appellant was returned to Pottawatomie County from the state penitentiary. The provisions of K.S.A. 21-4614 are mandatory and require that a criminal defendant sentenced to incarceration be given credit for all time spent in custody solely on the charge for which he is being sentenced. *Brodie v. State*, 1 Kan. App. 2d 540, 542, 571 P.2d 53 (1977).

The appellant relies on *State v. Thorn*, 1 Kan. App. 2d 460, 570 P.2d 1100 (1977), where it was held the defendant was entitled to credit for time spent in juvenile court custody pending certification and trial as an adult in the district court on forgery charges, as well as for jail time in another state where he was held on a

Kansas bench warrant for probation violation of his sentence on the forgery conviction. The State directs our attention to *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 (1978), where we held a defendant is entitled only to credit for the time held in custody solely on account of, or as a direct result of, those charges for which he is now being sentenced. In that case a warrant was outstanding in Reno County on burglary and theft charges at the time the defendant was arrested in Barton County on drug charges. The defendant pled guilty to the Barton County charges and was sentenced. He later pled guilty to the burglary and theft charges in Reno County. Relying on *State v. Thorn* and *Brodie v. State*, the court rejected the defendant's argument that he was entitled to credit on his Reno County sentence from the time of his arrest on the Barton County charges, stating:

"Under [K.S.A. 21-4614] a defendant should be given credit by the sentencing court for each day spent in jail solely on account of the pending charge, for which the prisoner is later sentenced. But the record before us does not show that Campbell was held in Barton County on the burglary and theft charges. According- ing to his motion, the record, and the brief, he was arrested in Barton County *on drug charges*. He was held on those charges until they were disposed of on December 19, 1975, and he was credited for jail time in the sentence pronounced on that date. Though burglary and theft charges, and a charge of violation of probation, were pending against him in Reno County, he was not held in custody in Barton County solely or as a direct result of those charges." 223 Kan. at 530-31.

In *State v. Thorn*, the defendant was being held at all times solely on the charge for which he was sentenced. The appellant in the present case was initially arrested on August 20, 1980, on both the kidnapping and sodomy charges, but the aggravated sodomy charge was dismissed on September 8, 1980. Thereafter, the appellant was held in Riley County solely on the kidnapping charge. Although the sodomy charge filed on September 17, 1980, was pending against him in Pottawatomie County during the Riley County prosecution, the appellant was not held in custody in Riley County solely or as a direct result of the aggravated sodomy charge filed in Pottawatomie County. The appellant was not held in Pottawatomie County solely on the sodomy charge until he was returned there on September 2, 1981. The trial court properly credited the appellant with jail time served from September 2, 1981, prior to sentencing on the aggravated sodomy charge.

The judgment of the lower court is affirmed.

FLOYD H. COFFMAN, District Judge, Assigned, concurring: I concur with the majority on all issues except the time when the sentence in Pottawatomie County on aggravated sodomy should commence under K.S.A. 21-4614. The defendant was charged by the State of Kansas in both counties. Kidnapping and aggravated sodomy were charged in Riley County on August 20, 1980, when he was arrested. The Riley County charge of aggravated sodomy was dismissed September 8, 1980, and was refiled by the State of Kansas on September 17, 1980, in Pottawatomie County.

Under the mandatory provisions of K.S.A. 21-4614, the date the sentence is to begin "shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Both charges the State of Kansas eventually filed could have been prosecuted by the State in Pottawatomie County. Defendant's mandatory rights under the statute should not be compromised by the inaction of the prosecutors of the two counties whether the delay was by design or otherwise. In my opinion the statute anticipates that credit be given on both sentences from the time he was charged by the State in Riley County. Defendant was charged by the State on September 17, 1980, in Pottawatomie County and did not plead nolo contendere to the charge in Riley County until December 8, 1980.

My interpretation of this mandatory provision in the statute (K.S.A. 21-4614) does nothing to the trial judge's discretion to increase the sentence within the limits of the minimum and maximum sentence or to require the second sentence to be served consecutively with the other sentence.