NOT DESIGNATED FOR PUBLICATION

Nos. 117,337
117,338
117,339

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN DOUGLAS LEVIN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed January 26, 2018. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Ellen Hurst Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.


PER CURIAM: Justin Douglas Levin appeals, claiming the district court erred in not giving him credit for 71 days served of intermediate sanctions in each of his three cases (for a total of 213 days). Levin's three cases were sentenced consecutive to each other, and he is entitled to only one day of jail time credit for each day served. Accordingly, Levin's claim for additional jail time credit lacks merit. We affirm.

FACTS

On September 14, 2015, Justin Douglas Levin entered no contest pleas to one count of possession of methamphetamine in 15CR571 and one count of possession of methamphetamine in 15CR502. Levin ultimately was sentenced to 40 months in prison in 15CR502 and 40 months in prison in 15CR571. The district court ordered his sentences to run consecutively but granted a dispositional departure in both cases to 18 months' probation for drug treatment.

On April 5, 2016, Levin was ordered to serve 120 days in prison as an intermediate sanction after Levin stipulated to violating the terms of his probation in both cases by possessing methamphetamine. The journal entries of judgment indicated the sanction was imposed in each of Levin's two cases. Levin served 59 days of the 120-day intermediate sanction before being released back to probation. On June 13, 2016, Levin entered a guilty plea to one count of possession of methamphetamine in 16CR280, which was the same conduct upon which the intermediate sanction was based. The court sentenced Levin to 40 months in prison, consecutive to his sentences in 15CR502 and 15CR571. The district court again granted a dispositional departure to probation for drug treatment. Following sentencing in 16CR280, Levin received several intermediate jail sanctions for probation violations in all three cases. According to the journal entries in each of the cases, these sanctions lasted two, four, and six days.

On February 6, 2017, Levin appeared at a sentencing hearing for convictions in two new cases, 16CR1155 and 16CR1078, as well as for disposition on a motion to revoke probation in 15CR502, 15CR571, and 16CR280. The district court sentenced Levin to 14 months' imprisonment in 16CR1155, consecutive to his sentences in 15CR502, 15CR571, and 16CR280. The district court sentenced Levin to 12 months' imprisonment in 16CR1078, concurrent to his sentence in 16CR1155 but consecutive to

all other cases. The district court then revoked Levin's probation in 15CR502, 15CR571, and 16CR280 and ordered him to serve the sentences originally imposed.

The district court ordered Levin be given credit for any jail time served against the sentences that were imposed. In total, Levin was credited with 180 days of jail time, including 71 days for four graduated sanctions of 2, 4, 6, and 59 days. This credit was assessed only against Levin's sentence in 15CR502.

Levin appeals from the district court's allocation of jail time credit in all three of his cases. His appeals were consolidated by this court.

ANALYSIS

Whether the district court properly imposed a sentence after revoking probation is a question of law subject to unlimited review. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). To the extent his argument raises a question of statutory interpretation, this court's review is unlimited. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Levin argues the district court erred when it failed to grant him 71 days' jail time credit in only one case, 15CR502. Because he served 71 days in prison as intermediate sanctions in three of his cases—15CR502, 15CR571, and 16CR280—Levin claims the court was required to give him 71 days of jail time credit in each of his three cases instead of just one. In support of his claim, Levin relies on K.S.A. 2016 Supp. 22-3716(c)(10), which states that an intermediate sanction must be imposed concurrently when an offender serving multiple terms of probation concurrently violates the terms of probation.

3

Levin acknowledges his argument was rejected by another panel of this court in *State v. Cook-Myher*, No. 113,326, 2016 WL 2610237, at *3-4 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. __ (September 28, 2017). However, he argues *Cook-Myher* was wrongly decided. We disagree. In *Cook-Myher*, a panel of this court rejected the notion that K.S.A. 2016 Supp. 22-3716(c)(10)—the statute governing imposition of intermediate sanctions—governs computation of jail time credit due and owing as a result of time spent serving intermediate prison sanctions. Instead, the court found K.S.A. 2016 Supp. 21-6615 applicable. Under this statute, the court is required to designate a date that the sentence begins to run in order to "be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2016 Supp. 21-6615(a). A defendant sentenced to incarceration must be given credit for all time spent in custody "solely on the charge for which he [or she] is being sentenced." *State v. Calderon*, 233 Kan. 87, 97, 661 P.2d 781 (1983). "'When sentences are consecutive, the defendant must serve both sentences one after another, and the defendant receives credit for each day served against only one of the sentences.' [Citation omitted.]" *Cook-Myher*, 2016 WL 2610237 at *4. For these reasons, the court rejected Cook-Myher's argument that he should receive credit for a 61-day jail sanction against each of his three consecutive sentences, finding he could not receive 183 days of jail time credit after serving only 61 days. 2016 WL 2610237, at *3-4.

Like in *Cook-Myher*, Levin is not entitled to three times more jail credit than he actually served. The district court did not err in assessing jail time credit only against Levin's sentence in 15CR502.

Affirmed.

4