NOT DESIGNATED FOR PUBLICATION

No. 118,034

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK RAYMOND NETTLETON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed September 7, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., BRUNS and GARDNER, JJ.


PER CURIAM:  Patrick Raymond Nettleton appeals to this court, claiming the district court erred by not giving him credit for 54 days of intermediate probation sanctions in each of his four cases. He argues the court should have given him 216 days of jail credit for the 54 days he served in sanctions. But an offender is only entitled to one day of jail time credit for each day spent in jail, so Nettleton's claim that he is entitled to additional jail time credit is not persuasive. Accordingly, we affirm.

1

Nettleton was placed on probation in September 2014 following his no contest plea for misdemeanor theft in 14CR851. About a year later, he pleaded guilty under a consolidated plea agreement to one count of aggravated battery in 15CR29 and to one count of felony theft in 15CR527. At that plea hearing, Nettleton stipulated to violating his probation in 14CR851.

The district court sentenced Nettleton to 16 months in prison for the conviction in 15CR527 and 20 months in prison for the conviction in 15CR29. The court ordered the two sentences to run concurrently but granted a departure to 18 months of probation in both cases. The court ordered Nettleton to serve his probation for 15CR527 and 15CR29 consecutive to his probation in 14CR851.

In December 2015, Nettleton pleaded no contest to one count of domestic battery in a fourth case—15CR1037. The court sentenced Nettleton to 12 months in prison but granted a departure to 12 months of probation. This sentence was ordered to run consecutive to 14CR851, 15CR29, and 15CR527.

Less than a year later, in October 2016, the State moved to revoke Nettleton's probation in all four cases based on allegations that Nettleton committed several probation violations. Nettleton admitted to the violations, and the district court ordered him to serve a 120-day sanction in prison for his violations. He ultimately only served 54 of the 120 days in prison for that sanction.

Finally, in May 2017, the State alleged Nettleton violated his probation again. At that probation violation hearing, the district court found Nettleton was "not amenable to probation," revoked his probation, and ordered Nettleton to serve his underlying sentences. The court gave Nettleton credit for the 54 days of jail time he served as an

intermediate sanction for the earlier probation violations and applied the credit to Nettleton's sentence in 14CR851.

ANALYSIS

On appeal, Nettleton argues the district court erred in calculating the proper amount of jail time credit he was due. Whether the district court properly imposed a sentence after revoking probation is a question of law subject to unlimited review. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). To the extent Nettleton's argument raises a question of statutory interpretation, this court's review is unlimited. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Nettleton argues the district court erred when it failed to grant him 54 days' jail time credit in only one case, 14CR851. Because he served 54 days in prison as intermediate sanctions in four of his cases—14CR851, 15CR29, 15CR527, and 15CR1037—Nettleton claims the court was required to give him 54 days of jail time credit in each of his four cases instead of just one. In support of his claim, Nettleton relies on K.S.A. 2016 Supp. 22-3716(c)(10), which states that an intermediate sanction must be imposed concurrently when an offender serving multiple terms of probation concurrently violates the terms of probation.

Nettleton acknowledges his argument was rejected by another panel of this court in *State v. Cook-Myher*, No. 113,326, 2016 WL 2610237, at *3-4 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1322 (2017). However, he argues *Cook-Myher* was wrongly decided. We disagree. In *Cook-Myher*, a panel of this court rejected the notion that K.S.A. 2015 Supp. 22-3716(c)(10)—the statute governing imposition of intermediate sanctions—governs computation of jail time credit due and owing as a result of time spent serving intermediate prison sanctions. Instead, the panel found K.S.A. 2015 Supp. 21-6615 applicable. Under this statute, the court is required to designate a date that

3

the sentence begins to run in order to "be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2016 Supp. 21-6615(a). A defendant sentenced to incarceration must be given credit for all time spent in custody "solely on the charge for which he [or she] is being sentenced." *State v. Calderon*, 233 Kan. 87, 97, 661 P.2d 781 (1983). "'When sentences are consecutive, the defendant must serve both sentences one after another, and the defendant receives credit for each day served against only one of the sentences.' [Citations omitted.]" *Cook-Myher*, 2016 WL 2610237, at *4. For these reasons, the panel rejected Cook-Myher's argument that he should receive credit for a 61-day jail sanction against each of his three consecutive sentences, finding he could not receive 183 days of jail time credit after serving only 61 days. 2016 WL 2610237, at *3-4.

Like in *Cook-Myher*, Nettleton is not entitled to four times more jail credit than he actually served. The district court did not err in assessing jail time credit only against Nettleton's sentence in 14CR851.

Affirmed.