NOT DESIGNATED FOR PUBLICATION

No. 122,617

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWARD SHANE WHITEEAGLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Thomas District Court; KEVIN BERENS, judge. Opinion filed July 16, 2021. Affirmed in part, sentence vacated in part, and case remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Rachel Lamm*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., BUSER and CLINE, JJ.

PER CURIAM: Edward Whiteeagle appeals two aspects of the sentence imposed after he pleaded guilty to aggravated kidnapping. He argues that the district court erred when it determined his jail-time credit and that it should have applied a greater credit toward his sentence for time he spent in jail awaiting the disposition of this case. And he observes that the court incorrectly ordered lifetime postrelease supervision when Kansas law imposes a 36-month supervision term for the crime he committed.

We conclude the district court's order of jail-time credit was proper and based on binding Kansas Supreme Court precedent. But we agree—and the State concedes—that the court imposed an incorrect term of postrelease supervision. We therefore vacate

1

Whiteeagle's lifetime postrelease supervision and remand the case for resentencing so the court may impose a 36-month postrelease supervision term in accordance with Kansas law.

FACTUAL AND PROCEDURAL BACKGROUND

Though the State originally charged Whiteeagle with aggravated indecent liberties with a child, an off-grid person felony, he eventually pleaded guilty to aggravated kidnapping. As part of his plea agreement, the State agreed to recommend a downward departure sentence for the aggravated-kidnapping conviction and to dismiss a separate case filed after Whiteeagle was found with drugs inside the jail.

Whiteeagle was charged in the current case on April 26, 2019. At that time, he had one day remaining on a 30-day jail sanction he was serving in another case. He remained in jail through sentencing in this case, which occurred on February 14, 2020.

At sentencing, Whiteeagle requested credit toward his sentence for the time he had spent in jail, a total of 294 days. He indicated that although there were two cases pending for some of that time (this case and the drug-possession case), there was no possibility that he would be granted double credit for that time because the drug-possession case had been dismissed.

The district court partially granted Whiteeagle's request, awarding him credit for the 98 days he spent in jail solely for the aggravated-kidnapping case. This 98 days included:

- 17 days between April 27, 2019 (the date the aggravated indecent-liberties charge was filed) and May 15, 2019 (the date the drug-possession case was filed) and

2

- 81 days between November 24, 2019 (the date the drug case was dismissed) and February 14, 2020 (the date of sentencing).

The court denied Whiteeagle's request to have the 196 days he spent in jail between May 15 and November 24, 2019, credited against his prison sentence, as he was being held during that time for both the current case and the separate drug-possession charge. The court then granted Whiteeagle's departure motion and imposed a 180-month prison sentence, followed by lifetime postrelease supervision.

Whiteeagle now appeals two components of his sentence. First, he argues the district court erred in calculating his jail-time credit; he asserts the court should have ordered credit for the entire time he spent in jail while he awaited the disposition of this case. Second, he argues the court erred when it imposed lifetime postrelease supervision, as his crime of conviction—aggravated kidnapping—carries a mandatory period of 36 months' postrelease supervision.

The State concedes that Whiteeagle should have received 36 months' postrelease supervision, as he was convicted of aggravated kidnapping, not aggravated indecent liberties with a child (as he had originally been charged). See K.S.A. 2020 Supp. 22-3717(d)(1)(A) (imposing mandatory 36-month postrelease supervision term for various crimes, including aggravated kidnapping). The parties agree that this case needs to be remanded for resentencing to correct this error. Thus, the sole issue we must decide is whether the district court's calculation of jail-time credit was consistent with Kansas law.

DISCUSSION

A defendant has a statutory right in certain circumstances to receive credit toward his or her sentence for time already spent in jail on that charge—what Kansas courts commonly call jail-time credit. See *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021

(2012). Jail-time credit is governed by K.S.A. 2020 Supp. 21-6615(a), which states in relevant part:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.*" (Emphasis added.)

Whiteeagle argues, based on this statute, that he spent 294 days in jail "pending the disposition in [this] case" and thus should have been given jail-time credit for that entire duration—not merely the 98-day credit the court applied. See K.S.A. 2020 Supp. 21-6615(a). The resolution of this claim requires us to interpret K.S.A. 2020 Supp. 21-6615(a) and thus presents a question of law over which we exercise unlimited review. *Hopkins*, 295 Kan. at 581; *State v. Prebble*, 37 Kan. App. 2d 327, 328, 152 P.3d 1245 (2007).

For four decades, the Kansas Supreme Court has interpreted K.S.A. 2020 Supp. 21-6615(a)'s reference to time spent "pending the disposition of the defendant's case" to mean that a defendant earns jail-time credit for "all time spent in custody *solely on the charge for which he is being sentenced*." (Emphasis added.) *State v. Calderon*, 233 Kan. 87, 97, 661 P.2d 781 (1983) (interpreting K.S.A. 21-4614, the predecessor statute to K.S.A. 2020 Supp. 21-6615). Thus, a defendant "'is not entitled to credit on a sentence for time which he has spent in jail upon other, distinct, or wholly unrelated charges.'" *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019). Kansas courts have consistently adhered to this interpretation. See *Smith*, 309 Kan. at 981; *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003); *Calderon*, 233 Kan. at 98; see also *State v. Richardson*, 46

4

Kan. App. 2d 801, 803, 264 P.3d 1048 (2011) ("Jail time credit can be earned only for time spent in jail solely on the account of the offense for which the defendant is being sentenced."), *rev. denied* 294 Kan. 947 (2012); *State v. Devaney*, No. 110,866, 2015 WL 3632131, at *2 (Kan. App. 2015) (unpublished opinion) (holding court did not err in denying defendant jail credit when his jail term was not incurred solely on the charge for which he was sentenced), *rev. denied* 303 Kan. 1079 (2016); *State v. Baringer*, No. 106,525, 2012 WL 2476994, at *1 (Kan. App. 2012) (unpublished opinion) (same), *rev. denied* 296 Kan. 1131 (2013).

Whiteeagle appears to acknowledge that a strict application of Kansas Supreme Court precedent supports the district court's calculation. The court excluded from Whiteeagle's jail-time credit the period of time he was incarcerated for both this case and the drug-possession charge. During that period of 196 days, he was not being held "solely on the charge for which he is being sentenced." See *Calderon*, 233 Kan. at 97. But Whiteeagle nevertheless argues that under the facts of this case—when the State ultimately dismissed the separate drug-possession charge—there is no danger of him receiving duplicative jail-time credit in a separate case. He points out that the practical effect of the district court's ruling is that the more than six months he spent in jail while both cases were pending has essentially become "dead time" that will never be credited in any case.

A similar situation to Whiteeagle's dilemma arose in *Smith*, though it was presented to the appellate courts under a different procedural posture. There, the defendant argued that the sentencing court had miscalculated his jail-time credit and asked that this error be corrected through a nunc pro tunc order. The Kansas Supreme Court found that his claim raised a substantive legal question that could not be corrected through a clerical order. And it further indicated that Smith was not entitled to jail-time credit because he had other charges pending against him during some of the time he was incarcerated. The *Smith* court found that

5

> "the record establishes that Smith was in custody on at least one other case during some of the time he claims should be credited in this case. This means that to grant Smith's motion we would have to make a substantive ruling and perhaps even overrule a long line of cases under which he can get credit only if he was solely held on the [case for which he was sentenced]." 309 Kan. at 988.

The court declined to take such action. 309 Kan. at 988.

As an intermediate appellate court, we are duty-bound to follow Kansas Supreme Court precedent unless the court has indicated it is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). For almost 40 years, our Kansas Supreme Court has interpreted Kansas statutes to state that a person is only entitled to receive jail-time credit for the time spent incarcerated solely for the charges associated with the defendant's sentence. We find no indication that the court is inclined to change this position, particularly in light of its recent statements in *Smith* evincing its reluctance to do so.

Based on this precedent, we are compelled to affirm the district court's calculation of jail-time credit. Whiteeagle was being held in jail between May 15 and November 24, 2019, for charges additional to (and separate from) the charges in the case for which he was eventually sentenced. In other words, those 196 days in jail were not solely attributable to the aggravated-kidnapping case.

For these reasons, we affirm the district court's order calculating Whiteeagle's jail-time credit. We reverse the court's order that Whiteeagle be subject to lifetime postrelease supervision and remand the case for resentencing, with directions that the court impose a postrelease supervision term of 36 months in accordance with Kansas law.

Affirmed in part, sentence vacated in part, and case remanded with directions.