(264 P.3d 1048)

No. 104,676

STATE OF KANSAS, *Appellee*, v. ROBERT WILLIAM RICHARDSON, *Appellant*.

Opinion filed November 4, 2011.

*Lydia Krebs*, of Kansas Appellate Defender Office, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MCANANY, J., and BRAZIL, S.J.

STANDRIDGE, J.: Robert William Richardson appeals from the district court's decision to deny his motion for jail time credit. Specifically, Richardson claims he should receive jail time credit towards his Wyandotte County conviction for time spent in custody on his Lyon County convictions because his Lyon County convictions were later reversed by the Kansas Supreme Court. For the reasons set forth below, we affirm the decision of the district court.

FACTS

In 2006, the State of Kansas criminally charged Richardson in several cases in three separate counties for exposing another to a life-threatening communicable disease. See K.S.A. 21-3435. Because it is relevant to the issues presented by Richardson on appeal, we direct our attention to the following chronology for the cases in two of those counties:

05-2006
06-2006:      Lyon County, Kansas prosecutor filed charges against Richardson (Lyon County cases).

08-14-2006: Wyandotte County, Kansas prosecutor filed charges against Richardson (Wyandotte County case); arrest warrant issued.

02-13-2008: Richardson convicted in Lyon County cases and committed to El Dorado Correctional Facility to serve sentence.

02-11-2009: Wyandotte County District Court ordered sheriff to transport Richardson from El Dorado Correctional Facility to Wyandotte County to answer charges filed in 2006.

02-23-2009: Pursuant to court order, Richardson transported from El Dorado Correctional Facility to Wyandotte County.

02-24-2009: Wyandotte County arrest warrant served on Richardson; Richardson makes first appearance in Wyandotte County case.

06-04-2009: Preliminary hearing held in Wyandotte County case; Richardson bound over for trial.

06-19-2009: Kansas Supreme Court reversed Richardson's convictions in Lyon County cases.

08-20-2009: Richardson convicted of Count I in Wyandotte County case.

On January 5, 2010, Richardson filed a motion in the Wyandotte County case requesting 375 days be credited towards the sentence imposed in that case. Specifically, Richardson claimed he deserved jail credit for time spent in custody from February 13, 2008 (when the order of commitment was issued in the Lyon County cases), through February 22, 2009 (he was transported to Wyandotte County to answer the charges pending there on February 23, 2009). Richardson argued he was entitled to this credit as a matter of equity based on the fact that his Lyon County convictions were reversed and his sentence vacated. See *State v. Richardson*, 289 Kan. 118, 209 P.3d 696 (2009). The district court denied the motion for jail time credit.

ANALYSIS

The rule for applying jail credit to a defendant's sentence is found in K.S.A. 21-4614, which states:

"In any criminal action in which the defendant is convicted upon a plea of guilty or no contest or trial by court or jury or upon completion of an appeal, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment or the judgment form, whichever is delivered with the defendant to the correctional institution, such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case. In recording the commencing date of such sentence the date as specifically set forth by the court shall be used as the date of sentence and all good time allowances as are authorized by the Kansas parole board are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state correctional system. Such jail time credit is not to be considered to reduce the minimum or maximum terms of confinement as are authorized by law for the offense of which the defendant has been convicted."

Finding no ambiguity in the statutory language, our Supreme Court has held K.S.A. 21-4614 means what it says: Jail time credit can be earned only for time spent in jail solely on the account of the offense for which the defendant is being sentenced. *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 (1978). In this case, Richardson was in custody from February 13, 2008, through February 22, 2009, solely as a result of the Lyon County convictions. Pursuant to the plain language of the statute, we necessarily conclude Richardson is not entitled to jail time credit, in Wyandotte County for time served exclusively on other charges. Moreover, we are not persuaded by Richardson's argument that principles of equity require such a credit. This is because the underlying premise upon which the argument is based is purely speculative. In order to succeed on such an argument, Richardson is required to establish that Wyandotte County would have actively sought and discovered his whereabouts, arrested him, and then detained him solely on the Wyandotte County charges from February 13, 2008, to February 22, 2009. There is simply no evidence in the record

to support such a finding, which renders Richardson's equity argument speculative at best. See *Smith v. U.S. Parole Com'n*, 875 F.2d 1361, 1364 (9th Cir. 1989) (noting that the government has no duty to take a defendant into custody).

Affirmed.