(998 P.2d 128)

Nos. 81,635

81,636

STATE OF KANSAS, *Appellee*, v. HUGH G. HARTMAN, *Appellant*.

Opinion filed February 25, 2000.

*Aaron T. Blase*, of Law Offices of Blase & Blase, P.A., of Wichita, for the appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before ELLIOTT, P.J., LEWIS, J., and PADDOCK, S.J.

LEWIS, J.: Defendant Hugh G. Hartman entered a plea of guilty to two charges of driving under the influence (DUI) in violation of K.S.A. 1995 Supp. 8-1567. He appeals from an order of the trial court denying his motion to dismiss the charges. Defendant argues the charges should have been dismissed because the State failed to bring him before a magistrate without unnecessary delay in violation of K.S.A. 22-2901. He also argues that his statutory and constitutional speedy trial rights were violated.

In two separate instances, one in August 1995 and one in November 1995, defendant was arrested on charges of DUI in Sedgwick County. He was released on bond and duly appeared at his first scheduled appearance. However, no formal complaints had been filed against him at the time of his first appearance, so his bonds were discharged.

In case No. 95-TR-20027, a complaint was filed in December 1995 and a summons issued by certified mail. In March 1996, a complaint was filed and summons issued by certified mail in case No. 96-TR-4744. Both of these cases charged defendant with DUI. Defendant failed to appear at a scheduled hearing, and an alias summons was issued. Those summonses were returned unserved, and it was not until July 1997 that defendant was transported to Sedgwick County to stand trial on the DUI charges.

It develops that defendant failed to appear in Sedgwick County on the DUI charges because he was in jail in Cowley County on a probation revocation. When his probation was revoked, he was placed in the Cowley County jail to serve his original Cowley County sentence of 1 year and 90 days.

While defendant was in jail in Cowley County, he maintains he made several attempts to be transported to Sedgwick County to answer the DUI charges. It is possible that he made some futile efforts to be transported, but it is not denied that defendant never filed a request in writing under the Uniform Mandatory Disposition of Detainers Act, K.S.A. 22-4301 *et seq*.

After finally being transferred to Sedgwick County, defendant was granted at least four continuances of his trials. He then filed

the motions to dismiss the charges for the reasons stated above. The trial court denied those motions.

In denying the motions to dismiss, the trial court found that Sedgwick County's duty to bring defendant before a magistrate was tolled while he was in jail in Cowley County. The court further held that defendant had shown no prejudice sufficient to justify a dismissal for violation of his speedy trial rights or for violation of his right to be taken before a magistrate without unnecessary delay.

Finally, defendant pled guilty to the charges of DUI in both cases. In case No. 95-TR-20027, he was sentenced to 1 year in prison and ordered to pay a fine of $1,000. In 96-TR-4744, he was sentenced to 1 year in prison and ordered to pay a fine of $2,500. His jail time in both cases has been stayed pending the resolution of this appeal.

Defendant's first argument is that the State failed to bring him before a magistrate without unreasonable delay, in violation of K.S.A. 22-2901.

Our interpretation of a statute is a question of law, and our review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). Our review of a trial court's findings of fact is limited to determining whether substantial competent evidence supported the trial court's findings and whether the findings are sufficient to support the trial court's conclusions of law. *State v. Haskins*, 262 Kan. 728, 731, 942 P.2d 16 (1997). Determining whether the findings of fact are sufficient is a deferential standard of review. *Chrispens v. Coastal Refining & Mktg., Inc.*, 257 Kan. 745, 762, 897 P.2d 104 (1995).

There is very little dispute in the facts on which this appeal is based. Defendant was arrested on the Sedgwick County charges on January 4, 1997. He was not brought before a judge in Sedgwick County on those charges until July 29, 1997. This is a delay of 206 days from the time of his arrest to the time he was brought before a magistrate.

The problem with defendant's argument is that the delay was caused almost entirely by his own actions. In addition to being arrested in Sedgwick County, he was also arrested on a Cowley County warrant, charged with violating his probation, and placed

in jail in Cowley County to serve his original sentence. He was in jail in Cowley County for most, if not all, of the 206-day delay he complains about.

Defendant's own actions placed him in jail in Cowley County, he is responsible for any delay occasioned thereby, and he is in no position to complain about it. The trial court held the State's obligation under K.S.A. 22-2901 was tolled while defendant was in jail in Cowley County.

It seems obvious that while defendant was in jail in Cowley County, the Sedgwick County authorities had no ability to remove him from that jail, transport him to Wichita, and have him appear before a judge in Sedgwick County. Defendant ended up in jail in Cowley County because of his own actions, and as a result, he made it impossible for the Sedgwick County authorities to bring him before a Sedgwick County judge until he had been released from his Cowley County incarceration. We have held that a defendant cannot make something impossible by his or her own actions and then complain that the State did not take action which the defendant alone had made impossible. See *State v. Maggard*, 16 Kan. App. 2d 743, 829 P.2d 591, *rev. denied* 251 Kan. 941 (1992). In addition, defendant could have forced the State to bring him before a Sedgwick County judge. He could have filed a demand under the Uniform Mandatory Disposition of Detainers Act. He failed to do so. We conclude that as long as defendant was incarcerated in Cowley County and as long as he failed to take any action under the Uniform Mandatory Disposition of Detainers Act, the obligation of Sedgwick County to bring him before a magistrate without unnecessary delay pursuant to K.S.A. 22-2901 was tolled.

In addition to the above, defendant pled guilty to the charges filed against him, waiving any right to complain about a violation of K.S.A. 22-2901. We also see no prejudice to defendant in the delay. There must be an extremely compelling reason to dismiss criminal charges for a perceived violation of K.S.A. 22-2901. *Barker v. Wingo*, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *State v. Crouch & Reeder*, 230 Kan. 783, 788, 641 P.2d 394 (1982). There are no extremely compelling reasons to dismiss these

charges; the delay is largely due to defendant's own actions, and his argument on appeal is without merit.

Defendant also argues his speedy trial rights were violated in the Sedgwick County prosecution. This argument is without merit.

We reiterate that defendant failed to invoke the Uniform Mandatory Disposition of Detainers Act. The failure to request relief under that Act has been held to be a waiver of defendant's statutory right to a speedy trial when the delay was occasioned by defendant being incarcerated in a penal institution. *State v. Brooks*, 206 Kan. 418, 421, 479 P.2d 893 (1971). Defendant waived his statutory right to a speedy trial by failing to invoke the Uniform Mandatory Disposition of Detainers Act.

In addition, defendant pled guilty to the Sedgwick County charges. In *State v. Rodriguez*, 254 Kan. 768, Syl. ¶ 2, 869 P.2d 631 (1994), the Supreme Court held: "The general rule is that a defendant waives his right to a speedy trial by a plea of guilty in the district court." We apply that general rule in this case and hold defendant waived his statutory and constitutional rights to a speedy trial by his pleas of guilty. See *Witt v. State*, 197 Kan. 363, Syl. ¶ 2, 416 P.2d 717 (1966); *Cooper v. State*, 196 Kan. 421, Syl. ¶ 4, 411 P.2d 652 (1966); *Moore v. Hand*, 187 Kan. 260, 263, 356 P.2d 809 (1960).

Finally, defendant argues that he is entitled to credit on his Sedgwick County sentences for time spent in Cowley County. We do not agree. In *State v. Bird*, 24 Kan. App. 2d 380, 945 P.2d 417 (1997), defendant was serving a Kingman County sentence when he was transported to Haskell and Seward County jails for disposition of detainers. The issue in that appeal was whether defendant should have been given credit on his Kingman County sentence for the time spent in other jails. While we held the defendant in that case was entitled to credit, we pointed out that "[a] proper construction of K.S.A. 21-4614 precludes Bird from receiving credit for time spent in custody awaiting sentences in either Haskell or Seward County because he was simultaneously serving his Kingman County sentence. See *Campbell v. State*, 223 Kan. 528, 575 P.2d 524." 24 Kan. App. 2d at 381. K.S.A. 21-4614 applies in this case and precludes defendant from receiving credit for time

spent in custody in Cowley County while he was awaiting disposition of the charges against him in Sedgwick County.

Jail time credit is earned under K.S.A. 21-4614 only for time spent in jail solely on the account of the offense for which the defendant is being sentenced. See *State v. Calderon*, 233 Kan. 87, Syl. ¶ 8, 661 P.2d 781 (1983). Defendant in this case, while in jail in Cowley County, was serving time solely for the Cowley County sentences and is not entitled to jail time credit in Sedgwick County for the time served in Cowley County exclusively on other charges.

Affirmed.