NOT DESIGNATED FOR PUBLICATION

No. 112,794

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYRONE MAURICE CLARK, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M .WILBERT, judge. Opinion filed December 18, 2015. Appeal dismissed.

*Michelle A. Davis*, Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and LEBEN, JJ.

*Per Curiam*:  Tyrone Maurice Clark, Jr., appeals the district court's denial of his request for jail time credit. The court found Clark was in custody on a Kansas Department of Corrections (KDOC) hold after revocation of his postrelease supervision in case No. 10-CR-3078 following new charges in case No. 12-CR-1392 and denied his motion for jail time credit.

Clark was arrested on June 3, 2012, for multiple drug, firearm, and eluding charges. He remained in custody. Clark pled guilty to several of the charges and the

1

district court sentenced him on July 9, 2013. At the sentencing hearing, the State informed the court it had actually postponed the case so that Clark would be off postrelease supervision at the time of sentencing. The court sentenced Clark to a controlling sentence of 37 months' incarceration, informed him that he was entitled to receive credit for any time awaiting disposition of the current charges, and that he had 14 days to appeal his sentence. The sentencing journal entry of judgment declined to award Clark jail time credit for 349 days, indicating "06/03/12 to 05/17/13: Defendant was held on 12CR1392 and KDOC hold for Parole Violation in 10CR3078. This warrant was pulled on 05/17/13 due to expiration of sentence." The sentencing journal entry was filed on July 17, 2013.

On October 18, 2013, Clark filed a pro se motion for jail time credit. Clark argued that his postrelease supervision in 10-CR-3078 was interrupted and had been suspended by his reincarceration on June 2, 2012, in 12-CR-1392. Clark argued that since he was no longer serving his postrelease supervision, his jail time should be credited against his present case. The State responded that Clark had provided no documentation to support his claim for jail time credit and he only made a conclusory claim that he was entitled to credit in the present case because it could not go towards his postrelease supervision. However, the State argued the KDOC revoked his postrelease in 10-CR-3078 on June 2, 2012, because of the new charges in 12-CR-1392 and ultimately the warrant was pulled on May 17, 2013, due to the expiration of the sentence in 10-CR-3078. The State claimed Clark should not be granted jail time credit in 12-CR-1392 because he was not being held solely on account of the charges in that case. The district court summarily denied Clark's motion by adopting the State's response as its findings of fact and conclusions of law.

Because jail time credit is controlled by statute, it involves a question of law subject to unlimited review. See *Hooks v. State*, 51 Kan. App. 2d 527, 530, 349 P.3d 476 (2015). K.S.A. 2014 Supp. 21-6615(a) provides authority for jail time credit "computed

as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

Clark cites *State v. Prebble*, 37 Kan. App. 2d 327, Syl. ¶ 2, 152 P.3d 1245 (2007), where the court held: "The defendant in a criminal case is entitled to credit for time which the defendant has spent incarcerated pending disposition of the defendant's case, and the defendant shall not be denied jail time credit at sentencing simply because the defendant has a detainer or warrant pending from another district." Although this is true, *Prebble* does not stand for the proposition that a defendant should receive credit for the same jail time in more than one case. See 37 Kan. App. 2d at 330-33. Clark is not allowed double credit.

Initially, we question our jurisdiction to even consider Clark's claim. An appellate court can make a *sua sponte* inquiry into whether it has jurisdiction over a question presented to it on appeal. *State v. Berreth*, 294 Kan. 98, 117, 273 P.3d 752 (2012) ("appellate courts have a duty to question jurisdiction on their own initiative"). Clark's appeal is an improper direct appeal to his sentence.

It is settled law that our appellate courts only have jurisdiction to consider appeals taken in the manner prescribed by statute because the right to appeal is purely statutory. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). Under K.S.A. 2014 Supp. 22-3608(c), a criminal defendant has 14 days from sentencing to file a notice of appeal. See *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015) (noting 14-day period for appeal runs from sentencing date). If a notice of appeal is not filed within the statutory time period, the appeal must be dismissed for lack of jurisdiction. *State v. Hemphill*, 286 Kan. 583, 588, 186 P.3d 777 (2008).

This court has held that a trial court's determination of jail time credit is part of imposing the sentence because the sentence start date depends upon the amount of time

3

awarded. *State v. Muldrow*, No. 107,291, 2013 WL 1149704, at *2 (Kan. App.) (unpublished opinion) (quoting the holding in *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 [2004], that under mandatory provisions of K.S.A. 21-4614 [now K.S.A. 2014 Supp. 21-6615(a)], a defendant who is sentenced to incarceration must be ""given credit for all time spent in custody solely on the charge for which he is being sentenced""), *rev. denied* 297 Kan. 1253 (2013). Accordingly, this court has held that it lacks jurisdiction to consider a challenge to the amount of jail time credit awarded after the time for direct appeal has run because "defendants can only appeal the jail-time credit . . . as a direct appeal of the sentence." *State v. Walker*, No. 109,309, 2014 WL 902153, at *1, 3-5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. ___ (March 12, 2015); see also *State v. Lakin*, No. 111,060, 2014 WL 5313708, at *2 (Kan. App. 2014) (unpublished opinion); *Muldrow*, 2013 WL 1149704, at *2-3; *State v. Olson*, No. 102,226, 2010 WL 2978044, at *2-3 (Kan. App. 2010) (unpublished opinion).

Clark's appeal involves a sentence that was imposed on July 9, 2013. Under K.S.A. 2014 Supp. 22-3608(c), he had 14 days from that date to file a notice of appeal. He filed his motion for jail time credit on October 18, 2013. Clark's failure to appeal within 14 days of his sentencing hearing divested us of jurisdiction to consider this issue. In any event, the evidence indicates Clark received jail time credit in 10-CR-3078 and is not entitled to duplicative credit in 12-CR-1392. See *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001); *State v. Calderon*, 233 Kan. 87, 97-98, 661 P.2d 781 (1983).

The appeal is dismissed for lack of jurisdiction.