NOT DESIGNATED FOR PUBLICATION

No. 126,887

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW BEESON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed August 23, 2024. Sentence vacated and case remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., WARNER and COBLE, JJ.

PER CURIAM: Matthew Beeson appeals the Lyon County District Court's decision denying him jail time credit toward his prison sentence, claiming the district court erred by relying on outdated legal precedent. We granted Beeson's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) after receiving no objection from the State. Applying the recent changes outlined in *State v. Hopkins*, 317 Kan. 652, Syl., 537 P.3d 845 (2023), we vacate Beeson's sentence and remand the matter to the district court with directions to reevaluate his jail time credit under current Kansas precedent.

1

FACTUAL AND PROCEDURAL BACKGROUND

Beeson was charged with various felonies and misdemeanors in Lyon County case No. 23-CR103, details of which are not relevant to our analysis. Under a plea agreement, Beeson pleaded no contest to one count of driving under the influence of drugs or alcohol (DUI), fourth or subsequent conviction, in exchange for the State dismissing all other charges. The presentence investigation report revealed Beeson was in custody for 188 days pending disposition of the case.

Beeson sought a dispositional or, in the alternative, a durational departure sentence and to be placed on probation. Beeson also requested that if he were sentenced to serve prison time, he be credited for the 188 days he remained in custody pending sentencing. The district court noted this was Beeson's 46th entry on his criminal history record, including 9 other DUIs, and denied his request for departure. The district court also denied Beeson credit for his days spent in jail because the current offenses occurred while he was under supervision in two other cases and the sentence in this case was to run consecutive to those sentences—Lyon County case No. 20-CR-225 and Greenwood County case No. 20-CR-73.

On September 7, 2023, the district court sentenced Beeson to a presumptive prison sentence of 46 months with 24 months' postrelease supervision, with no jail time credit. Beeson timely filed a notice of appeal.

ANALYSIS

On appeal, Beeson contends the district court erred by denying him credit for the 188 days he spent in custody pending sentencing in this case.

The right to jail time credit in Kansas is statutory. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Statutory interpretation presents a question of law over which we conduct an unlimited review 295 Kan. at 581; *State v. Prebble*, 37 Kan. App. 2d 327, 328, 152 P.3d 1245 (2007).

Jail credit in Kansas is governed by K.S.A. 21-6615(a)(1), which states in pertinent part that upon a conviction, if the defendant is sentenced to confinement, that sentence should be computed to "reflect . . . an allowance for the time that the defendant has spent incarcerated pending the disposition of the defendant's case."

For nearly five decades, Kansas appellate courts have relied on our Supreme Court's 1978 interpretation of K.S.A. 21-4614, the predecessor to K.S.A. 21-6615(a), in *Campbell v. State*, 223 Kan. 528, 531, 575 P.2d 524 (1978), which found that a defendant is entitled to credit only for all time spent in custody "solely" on the charge for which he is being sentenced. But the *Hopkins* decision in 2023 overturned the longstanding "held-solely-on" rule established in *Campbell*, fundamentally altering this interpretation.

In *Hopkins*, in exchange for Hopkins' guilty plea to two counts of first-degree premeditated murder in Cherokee County, the State dismissed multiple pending charges against him, including escape charges related to the murder case, a probation revocation motion in an unrelated matter, and a separate case in Labette County. Hopkins spent 572 days in jail while his case was pending disposition. Given the multiplicity of pending charges, the district court applied the held-solely-on rule to determine Hopkins was not entitled to credit for time served. But our Supreme Court found this rule was "unworkable, [and] more fundamentally it is not a proper plain language reading of the statutory language." 317 Kan. at 657. The *Hopkins* court held that "[u]nder the obvious and plain meaning of the words chosen by the Legislature, a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." 317 Kan. at 657. Thus, under the newer simplified rule, Hopkins was to receive one day

3

of credit for each day spent in jail during the pendency of his case, abrogating the rule set forth in *Campbell*. *Hopkins*, 317 Kan. at 659.

The new rule eliminates the need for judges to make factual determinations of whether a defendant was held solely for the crime of conviction. 317 Kan. at 656. Instead, the simplified rule simply requires judges to calculate the total time spent in jail while the case was pending and award it as jail time credit against the sentence. 317 Kan. at 659.

In recent months, our court has reviewed appeals of jail time credit under the new lens of the *Hopkins* decision. In *State v. Breese*, No. 125,837, 2023 WL 8520792, at *3 (Kan. App. 2023) (unpublished opinion), our court reversed the district court's decision to deny jail time credit by applying *Hopkins* and finding the defendant was entitled to 523 days of jail time credit against his sentence because he was detained throughout the pendency of the case. Likewise, in *State v. Brown*, No. 125,797, 2023 WL 8521389, at *3 (Kan. App. 2023) (unpublished opinion), another panel of this court decided a defendant was entitled to 36 days of jail time credit even though he had more than one case pending while awaiting sentencing. The *Brown* court held that under the *Hopkins* rule, no matter which case Brown was in jail for, he must be awarded the full 36 days of jail time credit because that is how long he was in jail while his case was pending. *Brown*, 2023 WL 8521389, at *3. And, in *State v. Gutierrez*, 125,073, 2024 WL 1338948, at *3 (Kan. App. 2024) (unpublished opinion), this court again reversed the district court's sentence and remanded the case with directions to allocate the 167 days the defendant served pending sentencing as jail credit towards her sentence, despite also being held on a probation revocation. Yet in a concurrence filed by Judge Malone, he emphasized that *Hopkins* "does not address the scenario where a defendant is ordered to serve consecutive sentences in multiple cases and does not modify Kansas caselaw on barring duplicative credit." *Gutierrez*, 2024 WL 1338948, at *3 (Malone, J., concurring).

4

Addressing this situation, our court recently established in *State v. Feikert*, 64 Kan. App. 2d ___, 2024 WL 3381812, at *1 (2024), *petition for rev. filed* August 12, 2024, that *Hopkins* should not be read so broadly. There, Feikert entered into a global plea agreement covering three pending cases—two criminal threats to a law enforcement officer and one probation violation in a felony diversion agreement—in exchange for which the State agreed to dismiss one of the criminal threat charges. The district court ordered Feikert's sentences in the two remaining cases to run consecutive. The court applied 231 days he spent in jail during the probation revocation case as jail credit but did not apply any jail credit to his sentence in the most current criminal threat charge. Feikert argued that *Hopkins* dictated that he should be permitted jail time credit regardless of whether he was being held on another case or if he had received credit for that jail time in other cases. Rejecting Feikert's argument, this court held that the *Hopkins*' rule did not apply to Feikert's case because "*Hopkins* does not articulate a clear method for determining jail credit in multiple cases where consecutive sentences are imposed." *Feikert*, 2024 WL 3381812, at *3. Instead, quoting *State v. Davis*, 312 Kan. 259, 288, 474 P.3d 722 (2020), the panel articulated that our Supreme Court has prohibited duplicative credit, that is "'[j]ail [time] credit awarded in two cases for the same dates can only be counted once when sentences are run consecutively.'" *Feikert*, 2024 WL 3381812 at *4. Our court affirmed the district court's judgment stating that Feikert is not entitled to duplicative credit for days already applied in a separate case as it would defy common sense, in which defendants who committed multiple offenses in separate cases would enjoy a windfall. 2024 WL 3381812, at *4.

Here, the district court did not have the opportunity to apply these new rules when considering Beeson's jail time credit because *Hopkins* was not yet decided. Now, the *Hopkins* rule applies to Beeson because his appeal was pending when *Hopkins* was decided by the Supreme Court. "The general rule in Kansas is that an overruling decision is applied retroactively to all similar cases pending as of the date of the overruling decision, regardless of when the cause of action accrued." *State v. Waterberry*, 248 Kan.

5

169, 172, 804 P.2d 1000 (1991); see also *State v. Sims*, 306 Kan. 618, 622, 395 P.3d 413 (2017) (applying the rule from *Waterberry*). *Hopkins* was an "overruling decision" because it expressly overruled prior caselaw. See *State v. Barnes*, 278 Kan. 121, 125, 92 P.3d 578 (2004) (describing a new case that did not overrule prior caselaw and thus did not apply retroactively to all similar cases pending on appeal).

Because Beeson's sentence was to run consecutive to his two other cases, the analysis by the *Feikert* court appears most applicable to this case. But it is unclear from the record whether any of Beeson's jail credit was awarded in his two other cases—the parole violation in Lyon County and the probation violation in Greenwood County—so we cannot determine whether the risk of granting duplicative jail credit exists. And the mandate in *Feikert* has not yet issued, as a petition for review of that decision is pending. See Supreme Court Rule 7.03(b)(2) (2024 Kan. S. Ct. R. at 46); Supreme Court Rule 8.03(k)(1) (2024 Kan. S. Ct. R. at 61) (timely filing of a petition for review stays the issuance of the mandate of a Court of Appeals opinion, which may only be then cited as persuasive, not binding, authority pending disposition of the petition for review). Accordingly, we simply vacate Beeson's sentence and remand this matter to the district court for resentencing and consideration of the possible 188 days of jail time credit in accordance with the above standards.

Sentence vacated and case remanded with directions.