NOT DESIGNATED FOR PUBLICATION

No. 127,007

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOLI L. THOMAS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed April 4, 2025. Affirmed.


*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.


*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before ATCHESON, P.J., COBLE and PICKERING, JJ.


PER CURIAM: The district court convicted Joli L. Thomas of aggravated battery in Sedgwick County after she pleaded guilty but granted her a dispositional departure. It then sentenced her to 66 months in prison to run consecutive to any other convictions but awarded her 33 months of probation. Thomas later violated the terms of her probation. The district court revoked her probation and imposed her original prison sentence. During sentencing, the court awarded her jail time credit but excluded some days that the court found were awarded in her other cases. Thomas now appeals the district court's decision, arguing that the court erred in denying her jail time credit for all the days she spent

incarcerated awaiting her sentence in this case, citing our Supreme Court's holding in *State v. Hopkins*, 317 Kan. 657, 537 P.3d 845 (2023). Applying the reasoning of more recent appellate court opinions since *Hopkins*, we affirm the district court's decision denying Thomas' award of portions of jail time credit which she had already been awarded in her other cases to avoid duplicative credit.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Thomas with aggravated battery in Sedgwick County case No. 2019-CR-720, details of which are not relevant to the analysis of this case. Following a plea agreement, Thomas pleaded guilty. After a plea colloquy, the district court accepted Thomas' guilty plea and convicted her of aggravated battery.

Thomas sought a dispositional departure sentence of probation in alignment with the plea agreement. The district court granted her request and sentenced her to 66 months of imprisonment to run consecutive to any other cases but awarded her 36 months of probation.

Thomas' time on probation was unsuccessful. About three months after her sentencing, the district court held a first probation violation hearing where Thomas waived her right to an evidentiary hearing and admitted to technical violations of her probation terms. The district court found her in violation of her probation and extended her probation by 36 months with new conditions.

A year later, Thomas again waived her right to an evidentiary hearing and admitted to technical violations of her probation terms during a second probation violation hearing. The district court found Thomas in violation of her probation and again extended her probation by 36 months and imposed a 3-day jail sanction.

2

Two months later, the district court held its third and final probation violation hearing. Thomas waived her right to an evidentiary hearing and admitted to the technical violations of her probation terms. The district court found Thomas again in violation of the terms of her probation. This time, the district court found Thomas was not amenable to further probation efforts, revoked her probation, and imposed the original sentence of 66 months' imprisonment.

In its journal entry of the probation violation hearing, the district court awarded Thomas a total of 330 days of jail time credit, including 265 days of jail credit awarded at her original sentencing and 65 days of jail credit awarded while she was on probation for the current crime. In its calculation, the district court noted that it denied Thomas jail credit of 137 days from March 17, 2019, to July 31, 2019, and jail credit of 116 days from November 17, 2020, to March 12, 2021, for the following reasons:

"From 03/17/19 to 07/31/19, defendant was serving commitments in City of Wichita Case Numbers 16TM35404, 17CM2907, 18CM2918 and 18DR719. From 03/17/19 to 07/07/19, defendant was serving a commitment in City of Wichita Case Number 18DV197. From 11/17/20 to 03/21/21, defendant was also held on City of Wichita Case Number 20DV3374. As this case is consecutive to any other convictions, defendant is not eligible for duplicate credit for these dates in 19CR720."

Thomas timely appealed the district court's revocation of her probation.

About a month after her appeal, the district court issued a nunc pro tunc order correcting the journal entry. The district court amended the jail time credit computation and awarded Thomas the 116 days of jail credit from November 17, 2020, to March 12, 2021. Accordingly, her total jail credit was corrected to 446 days. The district court noted that the jail credit of 137 days from March 17, 2019, to July 31, 2019, remained denied because "defendant was also serving commitments in City of Wichita Case Numbers 16TM35404, 17CM2907, 18CM2918 and 18DR719."

3

Thomas sought summary disposition of this appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State objected to summary disposition, arguing that despite Thomas' reliance on *Hopkins*, 317 Kan. at 657, this case is factually distinguishable in at least two ways—explained in more detail in the next section. Noting the State's response, we denied Thomas' motion for summary disposition and address her appeal on its merits after full briefing by the parties.

THE DISTRICT COURT DID NOT ERR IN AWARDING THOMAS' JAIL TIME CREDIT

In her appellate brief, filed July 2, 2024—after *Hopkins* but before *State v. Feikert*, 64 Kan. App. 2d 503, 553 P.3d 344 (2024), *petition for rev. filed* August 12, 2024—Thomas argues that she should have been awarded the entire 253 days she spent in custody prior to sentencing in this case, based on our Supreme Court's holding in *Hopkins*. She contends the district court did not assign credit for every day she spent in custody pending disposition of this case and requests this case be remanded for resentencing so she can be properly credited for all the time she spent incarcerated.

The right to jail time credit in Kansas is statutory. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Our interpretation of statutes presents a question of law over which we conduct an unlimited review. 295 Kan. at 581; *State v. Prebble*, 37 Kan. App. 2d 327, 328, 152 P.3d 1245 (2007).

Before turning to the primary issue, we first note that Thomas' challenge to the 116 days jail credit—for the period between November 17, 2020, and March 12, 2021—was already corrected by the district court's nunc pro tunc order, after her appeal, and Thomas was awarded the 116 days as jail time credit on this case. Since no controversy remains for the 116 days of jail credit, that issue is moot, and we need not consider it. See *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020) ("'Generally, Kansas appellate courts do not decide moot questions or render advisory opinions.'").

4

After dispensing with the 116 days, Thomas' remaining argument was whether she is entitled to 137 days of jail time credit for March 17, 2019, to July 31, 2019, when it was already awarded in her City of Wichita cases. Thomas relies solely on our Supreme Court's holding in *Hopkins* to claim she is owed day-for-day credit for those 137 days she spent incarcerated toward her sentence in this case.

The State disagrees, arguing Thomas is not entitled to the additional jail time credit because she was already awarded the same 137 days of credit in her City of Wichita cases. The State acknowledges that *Hopkins* overturned earlier precedent on how the courts previously calculated jail time credit but asserts it does not control the outcome here. Instead, the State argues our court's rationale found in its more recent decision in *Feikert* should be controlling. In *Feikert*, we addressed how jail time credit should be determined when consecutive sentences are imposed and multiple cases are pending. The State urges us to adopt the court's reasoning from *Feikert* and find Thomas is not entitled to the additional 137 days of jail time credit because it would be duplicative of the credit she received in her City of Wichita cases.

*Calculation of Jail Time Credit in Kansas*

Jail time credit in Kansas is governed by K.S.A. 21-6615(a)(1), which states in pertinent part that upon a conviction, if the defendant is sentenced to confinement, the sentence should be computed to "reflect . . . an allowance for the time that the defendant has spent incarcerated pending the disposition of the defendant's case."

For nearly five decades, Kansas appellate courts relied on our Supreme Court's 1978 interpretation of K.S.A. 21-4614, the predecessor to K.S.A. 21-6615(a), in *Campbell v. State*, 223 Kan. 528, 531, 575 P.2d 524 (1978), which found that a defendant is entitled to credit only for all time spent in custody "solely" on the charge for which he or she was being sentenced. But the *Hopkins* decision in 2023 overturned the

5

longstanding "held-solely-on" rule established in *Campbell*, fundamentally altering this interpretation. See *Hopkins*, 317 Kan. at 656-57.

Hopkins spent 572 days in jail while he awaited disposition of his case, which concluded in his guilty plea to two counts of first-degree premeditated murder. The district court applied the "held-solely-on" rule during sentencing and denied Hopkins jail credit for time served due to the array of charges. But our Supreme Court found this rule was "unworkable, [and] more fundamentally it is not a proper plain language reading of the statutory language." 317 Kan. at 657. The *Hopkins* court held that "[u]nder the obvious and plain meaning of the words chosen by the Legislature, a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." 317 Kan. at 657. Applying the newer simplified rule, our Supreme Court held that Hopkins was to receive one day of credit for each day spent in jail during the pendency of his case. 317 Kan. at 659.

This new rule abrogated the prior rule set forth in *Campbell*, eliminating the need for judges to make factual determinations about whether the defendant was held solely pending the crime of conviction. *Hopkins*, 317 Kan. at 656. Instead, the simplified rule now simply requires judges to compute the total time spent in jail while the case was pending and award it is as jail time credit against the sentence. 317 Kan. at 659.

Since our Supreme Court's decision in *Hopkins*, our court has reviewed appeals of jail time credit awards under the new framework of the simplified rule. One opinion by our court summarizes some of these decisions:

> "In *State v. Breese*, No. 125,837, 2023 WL 8520792, at *3 (Kan. App. 2023) (unpublished opinion), our court reversed the district court's decision to deny jail time credit by applying *Hopkins* and finding the defendant was entitled to 523 days of jail time credit against his sentence because he was detained throughout the pendency of the case.

Likewise, in *State v. Brown*, No. 125,797, 2023 WL 8521389, at *3 (Kan. App. 2023) (unpublished opinion), another panel of this court decided a defendant was entitled to 36 days of jail time credit even though he had more than one case pending while awaiting sentencing. The *Brown* court held that under the *Hopkins* rule, no matter which case Brown was in jail for, he must be awarded the full 36 days of jail time credit because that is how long he was in jail while his case was pending. *Brown*, 2023 WL 8521389, at *3. And, in *State v. Gutierrez*, 125,073, 2024 WL 1338948, at *3 (Kan. App. 2024) (unpublished opinion), this court again reversed the district court's sentence and remanded the case with directions to allocate the 167 days the defendant served pending sentencing as jail credit towards her sentence, despite also being held on a probation revocation. Yet in a concurrence filed by Judge Malone, he emphasized that *Hopkins* 'does not address the scenario where a defendant is ordered to serve consecutive sentences in multiple cases and does not modify Kansas caselaw on barring duplicative credit.' *Gutierrez*, 2024 WL 1338948, at *3 (Malone, J., concurring)." *State v. Beeson*, No. 126,887, 2024 WL 3912942, at *2 (Kan. App. 2024) (unpublished opinion).

Thomas argues the issue presented in Judge Malone's concurrence in *Gutierrez*—that *Hopkins* should not be read so broadly—creates ambiguity where our Supreme Court was creating clarity. But Thomas' argument is unpersuasive. Although Thomas filed her appellate brief before our court addressed this precise issue in *Feikert*, Thomas did not seek the opportunity to address the issue in a reply brief or Supreme Court Rule 6.09 letter, see 2024 Kan. S. Ct. R. at 40.

In *Feikert*, the defendant was awaiting sentencing after he entered into a global plea agreement resolving three cases. The State agreed to dismiss one of the cases in exchange for the plea, and the district court ordered Feikert to serve two consecutive sentences in his remaining cases. The district court applied 231 days Feikert spent in jail on one of the cases as jail time credit, but did not apply jail time credit to the other case. Feikert argued that *Hopkins* did not pronounce different rules for consecutive, concurrent, or single sentence cases and instead mandated he be awarded jail time credit, regardless of current detention for another case or prior jail time credit he received in the other case.

7

We declined to interpret *Hopkins* so broadly and found it did not apply to Feikert's case because *Hopkins* does not articulate a clear method for determining jail credit in multiple cases where consecutive sentences are imposed. *Feikert*, 64 Kan. App. 2d at 507. Citing *State v. Davis*, 312 Kan. 259, 288, 474 P.3d 722 (2020), our court reestablished that duplicative credit has been prohibited by our Supreme Court, quoting "'"[j]ail [time] credit awarded in two cases for the same dates can only be counted once when sentences are run consecutively."'" *Feikert*, 64 Kan. App. 2d at 508. Nothing in *Hopkins* suggested our Supreme Court intended to modify this *Davis* rule. Our court affirmed the district court's judgment, finding that Feikert was not entitled to duplicative credit already applied in a separate case, for "[s]uch a rule would defy common sense, as it would grant a windfall to defendants who commit multiple offenses in separate cases." 64 Kan. App. 2d at 509.

*Thomas is not entitled to duplicative jail time credit.*

Although the *Feikert* decision is pending before our Supreme Court on review, we believe its reasoning sound. See Kansas Supreme Court Rule 8.03(k)(1) (2024 Kan. S. Ct. R. at 61) ("Pending the Supreme Court's determination on the petition for review and during the time in which a petition for review may be filed, the Court of Appeals decision is not binding on the parties or on the district courts."). And, since *Feikert* was decided, our court has repeatedly addressed this issue and reaffirmed the principle that duplicative jail time credit is not permitted for consecutive sentences in multiple cases. See *State v. Wheeler*, No. 127,241, 2025 WL 24833, at *2 (Kan. App. 2024) (unpublished opinion), *petition for rev. filed* February 3, 2025; *State v. Mills*, No. 127,057, 2024 WL 4799513, at *4-6 (Kan. App. 2024) (unpublished opinion), *petition for rev. filed* December 16, 2024; *State v. Price*, No. 126,481, 2024 WL 4717626, at *5-6 (Kan. App. 2024) (unpublished opinion), *petition for rev. filed* December 6, 2024; *State v. Miner*, No. 126,647, 2024 WL 4471140, at *2-3 (Kan. App. 2024) (unpublished opinion), *petition for rev. filed* November 1, 2024; see also *Ridge v. Kansas Department of Corrections*, No. 126,654,

2024 WL 4314711, at *2-3 (Kan. App. 2024) (unpublished opinion) (finding the *Feikert* analysis favorable and denying defendant duplicative jail credit for a concurrent sentence), *petition for rev. filed* October 3, 2024.

Moreover, our court's analysis in *Feikert* is reflected in the recent amendment to K.S.A. 21-6615, effective May 23, 2024, L. 2024, ch. 96, § 7, which reads:

> "(2) When computing the defendant's sentence, the following shall not be considered time spent incarcerated pending disposition of the defendant's case:
>
> (A) Any time awarded as credit in another case when consecutive sentences are imposed on a defendant; or
>
> (B) any time spent incarcerated in another jurisdiction if no hold has been issued in such jurisdiction for the case being sentenced." K.S.A. 2024 Supp. 21-6615(a)(2)(A)-(B).

Accordingly, Thomas' argument that she should be awarded the 137 days of jail time credit for March 17, 2019, to July 31, 2019, is legally unsupported. As for whether she was actually credited those days in her City of Wichita cases and whether the district court made a factual error—Thomas makes no such argument, nor does she designate a record to show such an error. Claims not argued on appeal are deemed waived or abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). As the party alleging error, Thomas has the burden of designating a record that establishes error, and without such a record, we presume the district court's action was proper. See *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021); see also Supreme Court Rule 6.02(a)(4), (a)(5) (2024 Kan. S. Ct. R. at 36) (Appellant has the burden to furnish a sufficient record to support the claims of error; appellant's claims of error must be supported with specific citations to the record on appeal.).

Following the reasoning outlined in *Feikert* and several cases since, Thomas is not entitled to duplicative jail time credit of 137 days in case No. 2019-CR-720 when those

days were already credited to her in her City of Wichita cases. As a result, we affirm the district court's sentence and find no error in its jail time credit computation.

Affirmed.